CRAIG v. JAMES et al.

(Supreme Court, Appellate Division, First Department. February 6, 1903.)

1 STRIKING OUT CAUSE OF ACTION ON MOTION
  Unless plaintiff is limited by some order regulating the form of his complaint, the special term may not strike out a whole cause of action on motion; whether there is a good cause of action or plaintiff is entitled to relief can be determined only on trial, after interposition of a demurrer or answer

2. COMPLAINT—WHAT CAUSES OF ACTION ALLOWED—EFFECT OF ORDERS.
  In an action by a stockholder of a corporation against its directors, an order was made allowing plaintiff to make its receivers defendants, but without right to make any allegations in the complaint rendering them liable, and without right to demand or obtain judgment against them in their representative capacity or individually. An order was also made denying leave to amend by adding as a defendant a company that acquired property of the corporation by a conveyance from the receivers. *Held*, that these orders did not prevent the insertion in the complaint of a cause of action which the corporation had against the directors for negligent management, plaintiff asking that an order made authorizing a release, and the release given pursuant thereto, by the receivers to the directors, be declared of no effect against plaintiff, that he have the right to maintain the action against them for their negligence, and that they account therefor to the receivers, and the receivers collect the same for plaintiff, or that plaintiff be allowed individually to recover the damages.

Appeal from special term, New York county.

Action by Robert A. Craig, suing on behalf of himself and all other stockholders of the Anglo-American Savings & Loan Association, against Thomas L. James and others, receivers of the association. From an order striking out, on motion of defendants, so much of the amended complaint as purports to set forth the first cause of action, plaintiff appeals. Reversed.

See 75 N. Y. Supp. 813.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Francis M. Applegate, for appellant.
John L. Hill, for respondent Thompson.
David Gerber, for respondent James and others.
Myer Nussbaum, for defendant receivers.

INGRAHAM, J. The plaintiff, suing on his own behalf and on behalf of all other stockholders of the Anglo-American Savings & Loan Association, seeks to enforce a cause of action which had vested in the corporation, and which upon its dissolution passed to the defendant receivers, against the defendants, the directors of the corporation, for negligence in the investment of the funds of the cor-

poration, whereby a large amount of the property of the corporation was lost or squandered. The plaintiff demands, as a portion of the relief asked for, that a judgment and order of the supreme court in the county of Kings be vacated or modified, and that a release given by the receivers to the defendant directors of all liability of the directors to the receivers shall be declared to be null and void and of no effect as to the plaintiff and his co-stockholders who have not assented thereto; that the plaintiff and the other stockholders standing with him have the right to maintain the action in the right of the corporation, and that the court decree that the directors of the said corporation are individually liable to the said receivers for all losses resulting to the corporation from their negligence, fraud, misconduct, waste, breaches of trust, and violations of law and of the articles of association and by-laws of the said corporation; that they account for said losses to said receivers, and that the said receivers collect the damages sustained for the benefit of the plaintiff and his co-stockholders, or that the plaintiff may recover the damages sustained by himself individually, and by such of the other stockholders as may come in, and for other and further relief. Upon motion in which all of the defendants joined, the special term struck from the complaint the first cause of action, upon the ground, as stated by the court, that the insertion of this first cause of action in the complaint was a violation of an order of the special term entered on August 14, 1902, and also a violation of an order of the supreme court allowing the receivers to be made parties defendant to this action.

It is quite clear that to sustain the order appealed from it must appear that the first cause of action was inserted in the complaint in violation of an order of the court. If the plaintiff was not limited by some order regulating the form of the complaint, it would be quite improper for the special term to strike out a whole cause of action on motion, as whether or not a good cause of action was there alleged, or whether upon the facts stated the plaintiff was entitled to any relief, would have to be determined on a trial after the interposition of a demurrer or answer. The order of the special term of August 14, 1902, was entered upon a motion made by the plaintiff to allow an amendment of the summons and complaint by adding as a defendant the Empire State Realty Company, a corporation that acquired certain property of the Anglo-American Savings & Loan Association by a conveyance from the receivers. That order recited the making of the motion, the appearance of the attorneys for the various defendants, and that upon motion of the attorneys for the defendants the motion was denied. When this motion was made a demurrer to the original complaint had been sustained by the special term, and the interlocutory judgment entered thereon had been affirmed by this court. By the judgment of this court leave was given to the plaintiff to amend the complaint. Before making such amendment he applied to the special term to make this Empire State Realty Company a party defendant, and it was that motion that was denied by the order of August 14, 1902. That order provided "that the said motion of the plaintiff be, and the same hereby is, in all respects denied, without prejudice to any future proceeding by the

plaintiff." I cannot see that the denial of this motion was a restriction of the right of the plaintiff to serve such an amended complaint as he desired, to enforce the liability which he claimed had existed in favor of the corporation of which he was a stockholder, or of the receivers of that corporation against its directors. The action was originally brought to enforce such a liability. It had been held upon the demurrer that the original complaint did not state facts sufficient to constitute a cause of action against the defendants. The leave given to the plaintiff to amend the complaint was given for the very purpose of enabling him if possible to frame a complaint which would state a cause of action to enforce such liability, and the plaintiff was certainly not restricted in preparing an amended complaint to the same allegations as was contained in the original complaint. The order of August 14, 1902, was nothing more than a refusal to allow an amendment to the summons and complaint by adding as a defendant the corporation who had received the property of the corporation of which the plaintiff was a stockholder. Undoubtedly, without the presence of that corporation as a defendant, a cause of action to set aside the transfer by the receiver to that corporation could not be enforced; but no such relief is asked for by the amended complaint. The amended complaint still seeks to hold the directors of the corporation liable for their misfeasance and malfeasance, not to set aside the transfers by the receivers. It seeks, it is true, to declare void an order of the supreme court obtained by the defendants, or some of them, authorizing the receivers to release the directors of the corporation from all liability to them as receivers or to the corporation for the acts complained of by the plaintiff, and to set aside the release; and, that release having been set aside, the complaint asks to enforce the demand in favor of the corporation against its directors for the benefit of the plaintiff and the other stockholders. But the enforcement of this demand is not inconsistent with the order of August 14, 1902. The release, which was a bar to the right which the plaintiff had sought to enforce by the original complaint, is sought to be set aside so as to allow the enforcement of such demand. It is the order that was made that must determine this question, not the reasons given for refusing the application.

Nor do I think the insertion of this cause of action is in violation of the order of October 14, 1901, allowing the plaintiff to sue the receivers. That order was entered upon an application of the plaintiff upon notice to the receivers and to the attorney general, asking for leave to make the receivers parties to an action against the directors of the corporation. That order granted the application in all respects, and gave leave to the petitioner "to sue, bring in, and make defendants Charles S. Wilbur and Edward D. Candee, receivers of the Anglo-American Savings & Loan Association in the proposed action of the petitioner against the directors of the Anglo-American Savings & Loan Association for the purpose of complete adjudication of the matters involved in the proposed suit, but without right of the petitioner to make any allegations in the complaint which would render the said receivers liable to the petitioner or other stockholders, and without right of the petitioner to make demand for or to obtain

judgment against the said receivers in their representative capacity or individually." The limitation imposed upon the plaintiff by this order was that the action to be brought should not attempt to impose a demand against the receivers. This first cause of action states no cause of action against the receivers. Nor would the judgment asked for be a judgment against the receivers, except so far as it set aside the release that they had given. The fact that they were parties at all, or that the plaintiff was allowed to sue them, necessarily involved an adjudication that they were proper parties to the action, and all that was imposed upon the plaintiff by this restriction was that they should not allege in the complaint, in the action about to be brought, a cause of action charging the receivers with a personal liability to the stockholders for any action of theirs, or with a liability as receivers. Nothing in this first cause of action seeks to impose such a liability upon the receivers, nor is any judgment asked against the receivers. What the plaintiff seeks to enforce is a cause of action in favor of the receivers against the defendants, who were directors of the corporation,—a liability which the plaintiff claims existed in favor of the corporation, and which, if enforced, would be for the benefit of the stockholders. It seems to me that the first cause of action was not affected in any way by either of the orders upon which the special term based the decision of this motion, and that the cause of action should not have been stricken out on motion. Whether or not there is a good cause of action alleged, or whether the plaintiff can succeed on the trial of the action, is not at all material upon this appeal. Those questions must be determined upon a trial, and cannot be determined upon a motion to strike out the whole cause of action.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.