**Wilma PREZZI, Plaintiff-Appellant,**

v.

**Brig. Gen. L. J. SCHELTER et al.,**
**Defendants-Appellees.**

**No. 65, Docket 72–1411.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 17, 1972.

Decided Oct. 30, 1972.

Wilma Prezzi, pro se.

Frank H. Wohl, Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty., S. D. of New York, of counsel), for defendants-appellees Schelter, Lukey, Heller, Goldberg, DiStefano, Cincotta, Milanese, Hunt, Castiglioni, Cohen, Kowalick, Coburn, Fisher, Phipps, Carroll, Marcotullio, Drummond and Shields.

H. Richard Penn, New York City (Bachner, Tally & Mantell, New York City, of counsel), for defendants-appellees Salamone and Acampora.

Charles F. Schirmeister, New York City (Reid & Priest, New York City, of counsel), for defendant-appellee Hazeltine Corp.

Before MANSFIELD, OAKES and TIMBERS, Circuit Judges.

### PER CURIAM:

On December 2, 1971, Judge Cooper dismissed plaintiff's 88-page, legal size, single spaced *pro se* complaint bearing the caption "Illegal dismissal, malicious libel, defamation of character, false government documents, created conspiracy," holding that since it contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension it failed to comply with the requirement of Rule 8, F.R.Civ.P., that a complaint must set forth a short and plain statement of the basis upon which the court's jurisdiction depends and of a claim showing that the pleader is entitled to relief. Leave was granted to file a new complaint in compliance with that rule.

Shortly thereafter appellant filed another complaint which, while somewhat shorter than the first, was equally prolix and for the most part incomprehensible. On April 11, 1972, Judge Cooper granted defendants' motions to dismiss the second complaint pursuant to Rule 12(b)(6), this time without leave to amend. We affirm.

Having in mind that the court's jurisdiction must first be determined, Arrowsmith v. United Press International, 320 F.2d 219 (2d Cir. 1963) (en banc), we note that the complaint does assert various jurisdictional bases, including 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(3) (federal civil rights action), which, when construed favorably toward this *pro se* pleader, see Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), are probably sufficient to pass jurisdictional muster at this stage. However, applying the same liberal standard, we find that the complaint fails, for the reasons stated by Judge Cooper, to state facts amounting to a claim upon which relief may be granted. Accordingly the judgment of the district court is affirmed.