**Wilma PREZZI, Plaintiff,**

v.

**William P. BERZAK and Robert Hampton of the U. S. Civil Service Commission, Defendants.**

**No. 72 Civ. 2789.**

United States District Court,
S. D. New York.

Nov. 2, 1972.

**150**

Wilma Prezzi, pro se.

Whitney North Seymour, Jr., U. S. Atty., S. D. New York by Frank H. Wohl, Asst. U. S. Atty., for defendants.

## MEMORANDUM

POLLACK, District Judge.

Plaintiff, a former Clerk-Stenographer in the Defense Supply Agency, appearing on her own behalf, sues two officials of the United States Civil Service Commission for alleged conspiracy, misfeasance, and deprivation of her civil rights in ruling that she should be dismissed from government employment. She has submitted a complaint that runs 53 legal-sized pages, single spaced typing, followed by a volume of exhibits, motion papers, requests, and *ex parte* communications. The defendants move to dismiss the complaint for failure to comply with Fed.R.Civ.P. 8(a).

Although the plaintiff sues *pro se,* she is no stranger to this Court. A companion case, with a different grouping of defendants but seemingly predicated on some or most of the same operative facts as are attempted to be asserted herein, was ·dismissed by Judge Cooper on December 2, 1971 and again, following repleading, on April 11, 1972. Prezzi v. Schelter, 72 Civ. 3909. The latter dismissal was entered without leave to replead. The ground for those dismissals was plaintiff's repeated failure to file a short and plain statement of jurisdiction and of the basis of the claim; Judge Cooper found the complaints to be a "labyrinth of unwarranted, scandalous and vituperative allegations." The Second Circuit recently affirmed Judge Cooper's dismissal of that case. Prezzi v. Schelter, 469 F.2d 691 (2d Cir. 1972).

Even though federal courts indulge *pro se* pleaders with a more liberal standard than that permitted to attorneys, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the instant complaint does not conform reasonably even to the relaxed requirement.

Rule 8(a) states:

A pleading which sets forth a claim for relief . . . shall contain (1) *a short and plain statement of* the grounds upon which the court's *jurisdiction* depends, unless the court already has jurisdiction . . . (2) *a short and plain statement of the claim* showing that the pleader is entitled to relief, and (3) *a demand for judgment* for the relief to which he

deems himself entitled. (Emphasis added).

Forms 2–17, in the Appendix of Forms, give the pleader further guidance for proceeding under Rule 8.

The Federal Rules of Civil Procedure envision a system of *simplified pleadings* that give notice of the general claim asserted, allow for the preparation of a basic defense, *narrow the issues* to be litigated, and provide a means for quick disposition of sham claims. Federal pleadings are designed for integration into a system of pre-trial motions, discovery and conferences, which further sharpen the claims to be litigated and which expedite the process of adjudication. *See generally* 5 Wright & Miller, Federal Practice and Procedure §§ 1202–3, 1217.

Complaints which ramble, which needlessly speculate, accuse, and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with these goals and this system; such complaints must be dismissed. Prezzi v. Schelter, *supra*; Burton v. Peartree, 326 F.Supp. 755 (E.D.Pa.1971); Jannes v. Microwave Communications, Inc., 325 F.Supp. 896, (N.D.Ill.1971); Mottaghe-Iravani v. International Commodities Corp., 20 F.R.D. 37 (S.D.N.Y.1956). Plaintiff's present complaint conforms with neither the form nor the spirit of Rule 8.

This Court might well consider dismissal of the present complaint without leave to replead. However, recognizing the liberality allowed *pro se* pleaders, the Court, in dismissing this complaint, will allow plaintiff one more try to replead in conformity with the Federal Rules.

Complaint dismissed with leave to replead in thirty (30) days. Accordingly, all motions herein made by the plaintiff and pending before this Court in this suit are dismissed, without prejudice, as moot at this time.

So ordered.