Eva CHODOS, Plaintiff,

v.

**FEDERAL BUREAU OF INVESTIGA-TION and Police Department of the City of New York, Defendants.**

No. 81 Civ. 0652 (CBM).

United States District Court,
S.D. New York.

Jan. 4, 1982.*

* Final copy of memorandum filed on Aug. 28,     1981.

Eva Chodos, plaintiff pro se.

John S. Martin, Jr., U.S. Atty., S.D.N.Y. by R. Nicholas Gimbel, Asst. U.S. Atty., New York City, for defendant F.B.I.

Allen G. Schwartz, Corp. Counsel of City of New York by Noel Anne Ferris, Asst. Corp. Counsel, New York City, for defendant Police Dept. of City of New York.

## MEMORANDUM OPINION

MOTLEY, District Judge.

Plaintiff *pro se,* Eva Chodos, brought this action pursuant to 42 U.S.C. § 1983 to recover monetary damages for alleged violations of her constitutional rights by defendants, the United States of America (the F.B.I.)[1] and the New York City Police Department.

Plaintiff filed an initial complaint on February 3, 1981. In lieu of an answer, defendants moved to dismiss the complaint on the grounds that it failed to comply with Fed.R.Civ.P. 8(a), which requires that the complaint contain "a short and plain statement of the claim" and that the court lacked subject matter jurisdiction. Plaintiff responded to the motions by filing an amended complaint.[2] In it, plaintiff alleges that she has been deprived of her constitutional rights as a result of a conspiracy by defendants. Both defendants have moved to dismiss the amended complaint for failure to state a claim and lack of subject matter jurisdiction as well as being barred by the statute of limitations. For the reasons discussed below, defendants' motions are granted and plaintiff's complaint is dismissed without leave to amend.

### FACTS

It is well settled that a *pro se* complaint must be construed liberally and dismissed only if "beyond doubt ... the plaintiff can prove no set of facts which would entitle him to relief." *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (*per curiam*), *rehearing denied,* 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972); *Conley v. Gibson,* 355 U.S. 41,

---

1. The Federal Bureau of Investigation may not be sued in its own name. Plaintiff amended her complaint to include the United States of America as a defendant. However, for purposes of identification we shall use the F.B.I. *See Blackmar v. Guerre,* 342 U.S. 512, 515, 72 S.Ct. 410, 96 L.Ed. 534 (1952).

2. Fed.R.Civ.P. 15 allows an amended complaint to be made once as a matter of course as long as no responsive pleading has been filed. A motion to dismiss a complaint under Rule 12 is not a responsive pleading. *Christophides v. Porco,* 289 F.Supp. 403 (S.D.N.Y.1968).

45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Moreover, on a motion to dismiss for failure to state a claim upon which relief can be granted, the factual allegations of the plaintiff's complaint must be taken as true. *Blassingame v. United States Attorney General,* 387 F.Supp. 418 (S.D.N.Y.1975).

Plaintiff has filed papers requesting the court append the amended complaint to the original complaint and thus consider both when ruling on defendants' motions. In an effort to grant plaintiff, who appears *pro se,* every possible leniency, we have granted her request. As far as can be determined from an examination of both the original and amended complaints, plaintiff claims her constitutional rights were violated by a series of incidents which allegedly occurred between 1968 and 1974 at the instigation of a retired member of the police force, one Charly Glasser. The complaint alleges that Glasser constructed the conspiracy in retaliation for testimony plaintiff had given in 1968.[3] Plaintiff claims that it was Glasser who informed the F.B.I. about plaintiff and got them to "join in" the conspiracy.

The conspiracy is alleged to have consisted of a pattern of harassment conducted to prevent the conviction of one Irving Clayton for assault on plaintiff. The only incident alleged to have occurred in the last five years is set forth in the amended complaint on page 10 where plaintiff states:

> 27. *On June 1980 had the defendants harassed, smeared and defamed the* plaintiff (secretly, over the telephone) before the school Principals at P.S. 105 where the plaintiff is serving as *honored school-volunteer "tutor" in the classroom for years.* (sic)

Plaintiff alleges that the conspiracy resulted in her stay in the psychiatric ward of Jacobi Hospital. The complaint details plaintiff's treatment while in the hospital and makes allegations against the staff of the institution. The complaint also contains allegations against plaintiff's landlady and former New York Mayor John Lindsay's secretary.

---

**3.** The complaint does not detail the subject of plaintiff's testimony nor the action in which the

## I. VIOLATION OF FED.R.CIV.P. 8(a)

Fed.R.Civ.P. 8(a) sets out a minimum standard for the sufficiency of complaints, providing that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." The purpose of the rule is to give fair notice of the claim in order to permit the adverse party to file a responsive answer, prepare an adequate defense and determine whether *res judicata* is applicable. The rule also serves to sharpen the issues to be litigated and to confine discovery and the presentation of evidence at trial within reasonable bounds. *Brown v. Califano,* 75 F.R.D. 497, 498 (D.D.C.1977); *Prezzi v. Berzak,* 57 F.R.D. 149, 151 (S.D.N.Y.1972).

Complaints have been dismissed for failure to comply with Rule 8(a). In *Brown v. Califano, supra,* the court described the complaint in the following manner:

> In eight rambling counts, plaintiff claims "fraud, psychiatric, educational repressions, harassments, and intimidations, nuisances, tortures, aggravations, malpractices, entrapments, counterproductivity; invasions and violations of personal privacy; commitments and imprisonments, brutality, detentions, false personation . . . political surveillances and monitoring; tormentations" and so on, and so forth.

75 F.R.D. at 498. The court held that the complaint must be dismissed because it "is a confused and rambling narrative of charges and conclusions concerning numerous persons, organizations and agencies." It contained "an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *Id.* at 499.

The instant complaints, like that in *Brown,* are rambling, confused documents from which it is impossible to adequately

testimony was given.

discern the basis for plaintiff's claim or the facts upon which the alleged claim exists.[4] Although federal courts indulge *pro se* pleaders, the instant complaints do not conform even to a relaxed requirement. "Complaints which ramble, which needlessly speculate, accuse, and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with [the goals of the federal system]; such complaints must be dismissed." *Prezzi v. Berzak,* 57 F.R.D. 149 (S.D.N.Y.1972); *accord Prezzi v. Schelter,* 469 F.2d 691 (2nd Cir.1972) ("the complaint contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension"). The instant complaints are examples of the type described in *Prezzi v. Berzak, supra.* The complaints violate F.R. Civ.P. 8(a) and must therefore be dismissed.

## II. LACK OF SUBJECT MATTER JURISDICTION OVER CLAIM AGAINST THE F.B.I.

■ An action brought pursuant to 42 U.S.C. § 1983 cannot lie against federal officers. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 456 F.2d 1339 (2nd Cir.1972) (on remand). In order for this court to have jurisdiction over the instant action, plaintiff must allege either (1) a direct violation of her rights under the Constitution, *see Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) or (2) a tort committed by a federal agent that would give rise to liability under state law if committed by a private individual. *See Birnbaum v. United States,* 588 F.2d 319 (2nd Cir.1978). Compliance with the latter requirement would give this court subject matter jurisdiction pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680. *Id.* at 322.

■ We have already discussed above the lack of coherence that characterizes plaintiff's complaint. Although this court has tried to discern the basis for plaintiff's action, we find it impossible to do so. Moreover, in the Second Circuit complaints based on the conspiracy provisions of the Civil Rights Statutes cannot rest on vague or conclusory allegations but must "allege with at least some degree of particularity overt acts which defendants engaged in which were reasonably related to the promotion of the alleged conspiracy." *Powell v. Workmen's Compensation Board,* 327 F.2d 131, 137 (2nd Cir.1964); *see Koch v. Yunich,* 533 F.2d 80, 85 (2nd Cir.1975); *Fine v. New York,* 529 F.2d 70, 74 (2nd Cir.1975); *Powell v. Jarvis,* 460 F.2d 551, 553 (2nd Cir.1972). The same standard has also been applied to suits against federal officials involving so called "Bivens" claims based on causes of action arising directly under the Constitution. *Ostrer v. Aronwald,* 567 F.2d 551 (2nd Cir.1977); *Black v. United States,* 534 F.2d 524 (2nd Cir.1976).

■ In *Ostrer v. Aronwald, supra,* the court stated that "complaints containing only 'vague', or 'general allegations' of a conspiracy to deprive a person of constitutional rights will be dismissed. Diffuse and

---

4. The following is an example of plaintiff's complaint:

(n) On April 2, 1974 (during my stay in Portugal) a former policeman, *admitted to me, that he was hired to assassinate me.* When I had offered to pay him more for saving me, he turned down my offer, by saying *that he could not break his contract.*

(o) *On April 12, 1974* during my flight, from Portugal, had a N.Y.C. *policeman admitted to me, that he was (also) hired to assassinate me.* When I told him that he wouldn't get away with this, his reply was: *"Nobody will be prosecuted for taking your life."* The PAN–AM Security had protected me *from assassination,* during my flight, *because of*

my *$200,000.00 life* insurance policy which I took out.

(p) *In 1973, had two policemen, pretending to be rabbis* and wearing black coats (over their police-uniforms) alon with yarmulkas, occupied the office at the "Young Israel" Synagogue (on my block). One policeman impersonating a rabbi, *called* (in my presence) my older son, telling him that I came to the synagogue and was acting *strange,* asking my son to come at *once and take me to Jacobi Hospital.* After the policemen finished the phonecall, *they removed the rabbis clothes and yarmulkas and they rushed out of the synagogue.*

expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Id.* at 553. (Citations omitted). Plaintiff's complaint in the instant action fails to provide enough particularity to state a cause of action for alleged violations of the Constitution. The original complaint makes no specific reference to the F.B.I. It does not allege *any* actions by the F.B.I. The amended complaint contains only the following reference to the F.B.I.:

> (f) ... Charly Glasser was also the "Star Informer" to the F.B.I., Media, press and others. He also had wiretapped my telephone and residence along with the telephones and residence of my relatives, friends and others before the F.B.I. joined in. (sic)

Plaintiff has alleged only that the F.B.I. has joined in the alleged conspiracy. She alleges no specific actions taken by the F.B.I. as part of the alleged conspiracy. She has merely stated a conclusion. As in *Ostrer,* plaintiff's complaint must be dismissed since it is not alleged with sufficient specificity. Thus unless plaintiff has stated a cause of action under the Federal Tort Claims Act the complaint must be dismissed as against the F.B.I.

No action may be instituted against the United States for a tort claim until it has been presented to the interested federal agency and has been finally denied, 28 U.S.C. § 2675. The claim must be presented in writing to the appropriate federal agency within two years after the claim accrues. 28 U.S.C. § 2401(b). *See Kelley v. United States,* 568 F.2d 259, 265 (2nd Cir.), *cert. denied,* 439 U.S. 830, 99 S.Ct. 106, 58 L.Ed.2d 124 (1978). Section 14 of Title 28 of the C.F.R. governs the procedure for filing claims against federal agencies. Section 14.2(b)(1) states that "(a) claim shall be presented to the Federal agency whose activities give rise to the claim."

Proper presentation of a tort claim against the United States to the appropriate federal agency is a prerequisite to any later court action under the Federal Tort Claims Act. *DiLorenzo v. United States,* 496 F.Supp. 79 (S.D.N.Y.1980);

*Kantor v. Kahn,* 463 F.Supp. 1160 (S.D.N.Y. 1979). This applies to all federal agencies, including the F.B.I. *Peterson v. United States,* 428 F.2d 368 (8th Cir.1970). Failure to comply with the statutory procedures, a jurisdictional prerequisite to suit under the Federal Tort Claims Act, requires that the complaint be dismissed. *Peterson v. United States, supra; DiLorenzo v. United States, supra.* Plaintiff in the instant action has not alleged, in either the original or amended complaint, that she has satisfied the jurisdictional prerequisite to the maintenance of the present action. The instant action must therefore be dismissed for lack of subject matter jurisdiction pursuant to Fed. R.Civ.P. 12(b)(1).

### III. CLAIM AGAINST THE NEW YORK CITY POLICE DEPARTMENT IS TIME—BARRED

Jurisdiction for plaintiff's claim against the New York City Police Department is governed by 42 U.S.C. § 1983. There is no federal statute of limitations for a cause of action under 42 U.S.C. § 1983. The Supreme Court has held that in the absence of a federal statute of limitations, the most closely analogous state statute of limitations will be applied. *Board of Regents v. Tomanio,* 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980).

The Second Circuit has repeatedly held that the state statute of limitations applicable to § 1983 actions asserted against individual municipal officers is the three year period found in N.Y.C.P.L.R. 214(2) for actions "to recover upon a liability, penalty or forfeiture created or imposed by statute." *Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 449 (2nd Cir.1980); *Meyer v. Frank,* 550 F.2d 726 (2nd Cir.1977), *cert. denied,* 434 U.S. 830, 98 S.Ct. 112, 54 L.Ed.2d 90 (1977); *Kaiser v. Cahn,* 510 F.2d 282, 284 (2nd Cir.1974). The Second Circuit has also applied by analogy the same three-year period to federal civil rights actions against municipalities. *Quinn v. Syracuse Model Neighborhood Corp., supra.*

However a recent New York State Appellate Division case has held that the three-

year statute of limitations period does not apply to § 1983 actions brought for violations of civil rights by municipalities. The court applied instead a one-year and ninety day statute of limitations found in General Municipal Law 50–i. *Staffer v. City of Rochester,* 80 App.Div. 16, 437 N.Y.S.2d 821 (1981) (*Staffer*). The court in *Staffer* stated that although "the Supreme Court in *Monell v. New York City Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), held that municipalities are not immune from civil rights actions, it did not hold that municipalities are defined as persons for purposes of determining the applicable state law governing the appropriate Statute of Limitation" 439 N.Y.S.2d at 823. Pointing out that CPLR 214(2) applies to "an action to recover upon a liability, penalty or forfeiture created or imposed by statute," the court relied on *New York v. Cortelle Corp.,* 38 N.Y.2d 83, 378 N.Y.S.2d 654, 341 N.E.2d 223 (1975) (Breitel, C.J.), for the proposition that N.Y. C.P.L.R. 214(2) does not apply to statutes that regulate a substantive right or the procedure for its enforcement because such statutes do not create or impose a liability, penalty or forfeiture. Since section 1983 of title 42 does not provide for substantive rights, but rather furnishes a remedy for the enforcement of federal constitutional rights, the *Staffer* court concluded that N.Y.C.P.L.R. 214(2) was inapplicable to § 1983 actions.

The Second Circuit, when faced for the first time with the question of which statute of limitations applies to § 1983 actions against municipalities, reasoned that:

> In *Monell v. New York Department of Social Services,* the Supreme Court held that a *municipality* is a "person" for purposes of § 1983. Since 1963, this court has consistently stated that § 214(2) applies in § 1983 suits against "persons," see *Swan v. Board of Higher Education,* 319 F.2d 56 (*2nd Cir.*1963), even though § 50–i(1) includes, within its terms, city officers, agents and employees. To cre-

ate different limitation periods for two similarly situated classes of defendants would create a distinction without a difference, and would engender unnecessary confusion for litigants and judges alike. Thus, we hold that the most appropriate limitations period for suits against municipalities under § 1983 is that which has been applied in actions against individual municipal officers and employees.

*Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d at 449.

█ Thus it appears that New York State courts differ with the Second Circuit on the appropriate statute of limitations to apply in § 1983 actions against municipalities. We, however, as a federal district court, are bound by *stare decisis* to follow the decision of the Second Circuit. Applying the three-year time limitation of N.Y.C. P.L.R. 214(2) to the instant action, we conclude that plaintiff's action against the New York City Police Department is untimely.

█ It is well settled that in civil conspiracies, the cause of action accrues and the statute of limitations begins to run from the time of commission of the overt act alleged to have caused damage. *Afshar v. Procon, Inc.,* 580 F.2d 1044 (2nd Cir.1978). This rule has been specifically applied in actions for conspiracy to violate an individual's civil rights. *See, e.g. Donovan v. Reinbold,* 433 F.2d 738 (9th Cir.1970); *Cage v. Bitoy,* 406 F.Supp. 1220 (N.D.Ill.1976), aff'd 559 F.2d 1225 (7th Cir.1977).

In the instant action, plaintiff alleges injury as a result of a series of incidents that took place from 1968 to 1974. Claims based on these acts are time barred. The only event plaintiff alleges to have occurred in the three years prior to the institution of this suit is a secret phone call made to the school principal at P.S. 105, during which plaintiff alleges she was defamed by defendants. However plaintiff does not allege either who made the phone call, or even whether it was a federal agent or a

New York City Policeman. Moreover she does not include in the complaint the statements that allegedly constituted the defamatory remarks. As we have noted above, a complaint that alleges a § 1983 conspiracy must allege, with some degree of particularity, the overt acts allegedly committed by defendants to promote the alleged conspiracy. *See* § II, *supra.*

Moreover even if we were to consider plaintiff's action as one grounded in defamation we would still have to dismiss the complaint. N.Y.C.P.L.R. § 3016(a) requires the plaintiff in a slander action to set forth the particular words of which complaint is made. If plaintiff fails to do so, the complaint must be dismissed. *See Catterson v. Caso,* 472 F.Supp. 833, 840 (E.D.N.Y.1979). Since plaintiff has not set forth the words that caused the alleged defamation, the complaint must be dismissed.

In summary, all of plaintiff's claim from 1968 to 1974 is time barred. Plaintiff's claim of defamation allegedly occurring in 1980 is too vague to state a cause of action. The entire complaint fails to comply with F.R.Civ.P. 8(a) and thus must be dismissed pursuant to F.R.Civ.P. 12(b)(6). Moreover, this court lacks subject matter jurisdiction to entertain plaintiff's claim against the F.B.I.

Ordinarily when a complaint is dismissed for failure to comply with Rule 8(a), plaintiff is given leave to replead. However, in the instant action plaintiff has already filed an amended complaint. This action is therefore dismissed with prejudice.