**Christine BARSELLA, et al., Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

**No. 90 Civ. 1815 (JES).**

United States District Court, S.D. New York.

March 18, 1991.

---

White, Fleischner & Fino, New York City, for Chemical Bank.

Kanterman, Taub & Breitner, New York City, for St. Luke's/Roosevelt Hosp.

Kelly, Tobias, Turner & Stewart, New York City, for Fair Lawn Memorial Cemetery.

Reboul, MacMurray, Hewitt, Maynard & Kristol, New York City, pro se and for David S. Elkind.

Damashek, Godosky & Gentile, New York City, for Philip M. Damashek, Esq.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

Plaintiff Christine Barsella brings this action *pro se* against the United States of America, various government agencies, various present and former government officials, and assorted other entities and individuals. The government moves to dismiss plaintiff's amended complaint for failure to comply with Fed.R.Civ.P. 8(a) and for failure to state a cause of action under Fed.R. Civ.P. 12(b)(6).[1] This motion is joined by several defendants who have been served with process and who have perceived that they are defendants herein.[2] For the reasons that follow, the government's motion is granted and the complaint is dismissed with prejudice.

Christine Barsella, Patterson, N.J., pro se.

Otto G. Obermaier, U.S. Atty., S.D.N.Y. (James L. Cott, Asst. U.S. Atty., of counsel), Robert Abrams, Atty. Gen. for the State of N.Y., New York City, for defendants.

Victor A. Kovner, Corp. Counsel, New York City, for the City of New York.

## DISCUSSION

Fed.R.Civ.P. 8(a)(2) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Moreover, "[e]ach averment of a pleading shall be simple, concise, and direct." Fed.R.Civ.P. 8(e)(1). These requirements are designed to compel a plaintiff to identify the rele-

1. Plaintiff appeared before the Court at a Pre-Trial Conference on April 25, 1990. At that Conference, the Court reviewed plaintiff's complaint and advised plaintiff that it failed to meet the standards of Fed.R.Civ.P. 8(a) even in view of the liberal pleading requirement for *pro se* complaints. Consequently, the complaint was dismissed and plaintiff was given leave to file an amended complaint in accordance with the Court's directions.

2. These defendants include: the State of New York; the City of New York; Chemical Bank; St. Luke's/Roosevelt Hospital; New Jersey Bell; Fair Lawn Memorial Cemetery; Reboul, MacMurray, Hewitt, Maynard & Kristol; David S. Elkind, Esq.; and Philip Damashek, Esq.

vant circumstances which he claims entitle him to relief in such a manner that the defendant is provided with fair notice so as to enable him to answer and prepare for trial. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988); *see generally* 5 Wright & Miller, Federal Practice & Procedure: Civil, § 1217, at 166–78 (2d ed. 1990). However, "[c]omplaints which ramble, which needlessly speculate, accuse and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with these goals and this system" and must be dismissed. *Prezzi v. Berzak*, 57 F.R.D. 149, 151 (S.D.N.Y. 1972); *accord Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir.1972) (per curiam), *cert. denied*, 411 U.S. 935, 93 S.Ct. 1911, 36 L.Ed.2d 396 (1983); *Chodos v. F.B.I.*, 559 F.Supp. 69, 71–72 (S.D.N.Y.), *aff'd*, 697 F.2d 289 (2d Cir.1982), *cert. denied*, 459 U.S. 1111, 103 S.Ct. 741, 74 L.Ed.2d 962 (1983).

■ Plaintiff's amended complaint is a virtually illegible handwritten document accompanied by numerous equally incomprehensible documents termed "exhibits." Viewed in its best light it contains little more than a prolix collection of demands for relief based upon the following accusations: conspiracy; mass murders; estate waste; land theft; legal malpractice; medical malpractice; rape and sodomy of a mentally impaired individual, Peggy Barsella; supply of heroin and cocaine to Peggy Barsella; false arrest, false imprisonment, and placement in mental institutions of Peggy Barsella and Christine Barsella as a coverup for murder; African–American family destruction; child abuse; cruelty to animals; invasion of privacy; deprivation of civil rights; assault; body snatching; and racial, religious, and political persecution. Plaintiff seeks damages, injunctive relief, and investigations into the various matters alleged in the complaint.

The complaint also includes broad requests for access to the files of government agencies of several local and state governments, the federal government, the governments of other nations as well as several banks, corporations and other enti-

ties. In addition, plaintiff has filed a continuing series of applications for injunctive relief and various writs of attachment and restraining orders. Plaintiff has also served a number of notices of deposition seeking to depose a variety of individuals, including the Court and its staff.

The amended complaint provides only conclusory, vague, and general factual allegations and thus provides the Court with no adequate basis to discern the nature of plaintiff's claims. Indeed, even after a careful review of the complaint and all of the attached exhibits, it is impossible to tell what, if any, role in these alleged conspiracies or wrongdoing any of the persons whose names appear in the complaint are alleged to have played. Accordingly, it is clear that the complaint, even as amended, violates the basic tenet of the Federal Rules of Civil Procedure, *i.e.*, that a defendant must be given adequate notice of his alleged wrongdoing which would enable him to frame a defense.

■ Plaintiff relies heavily upon the principle that *pro se* complaints must be liberally construed and all possible inferences must be drawn in favor of a *pro se* plaintiff. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972); *Elliott v. Bronson*, 872 F.2d 20, 21 (2d Cir.1989) (per curiam). That policy, however, does not mandate that a Court sustain every *pro se* complaint even if it is incoherent, rambling, and unreadable. *See Chodos, supra*, 559 F.Supp. at 72. Even given the liberal construction afforded *pro se* pleadings, the amended complaint herein falls far short of the requirements of the Fed.R.Civ.P. 8.

Moreover, it would be especially inappropriate to sustain this amended complaint or to grant the plaintiff leave to amend the complaint since the Court reviewed the first complaint and personally advised the plaintiff of its deficiencies at a Pre–Trial Conference and it is evident that plaintiff has failed to correct any of those deficiencies in the amended complaint. *See Salahuddin, supra*, 861 F.2d at 42 (dismissal of *pro se* complaint with prejudice appropriate

"where leave to replead has previously been given and successive pleadings remain prolix and unintelligible"). Nor does the Court have any basis to believe, given the history of this litigant and the manner in which she has proceeded thus far, that any further amended pleadings will cure these deficiencies in this case. The Court will therefore dismiss this complaint with prejudice.

## CONCLUSION

For the reasons stated above, the amended complaint is dismissed with prejudice. In addition, plaintiff's myriad requests for judicial relief, most of which the Court lacks jurisdiction to provide, are also denied with prejudice. The Clerk of the Court is directed to close the above-captioned action.[3]

It is SO ORDERED.

3. Also pending before the Court is the government's motion to stay discovery. That motion, to which there has been no response from plaintiff, is now moot.