**Veldon LIPSCOMBE, Plaintiff,**

v.

**Walter RIDLEY, et al., Defendants.**

**Civ. A. No. 91–1090 (CRR).**

United States District Court,
District of Columbia.

Dec. 9, 1991.

---

Veldon Lipscombe, pro se.

John Payton, Corp. Counsel, Martin L. Grossman, Deputy Corp. Counsel, Civ. Div., George C. Valentine, Asst. Corp. Counsel, D.C. Chief, General Litigation Section, William R. Morel, Asst. Corp. Counsel, Office for District of Columbia, for defendants.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

On August 29, 1991, the Court dismissed the above-captioned action pursuant to Local Rule 108(b). The defendant Walter Ridley[1] had filed a Motion to Dismiss, or, in

---

1. In his motion, defendant Walter Ridley asserts service of process was never effected for the other defendants in this action: Douglas Stempson, Administrator of the Maximum Security Facility, Bernard Braxton, Administrator of the Occoquan Facility, Barbara Ridley of the District of Columbia Board of Parole, J.D. Lewis and Ms. Tillman of the Housing Board of the Maximum Security Facility, and Donald Pullen, Administrator of the Occoquan Facility. Ridley also notes that the arguments advanced in his motion are equally applicable to the other de-

Alternative, for Summary Judgment on June 28, 1991.[2] Because the plaintiff failed to respond, the Court treated the motion as conceded. *See* Orders filed August 1, 1991, and August 29, 1991.

Before the Court is the plaintiff's Motion for Reconsideration. The plaintiff asserts that he did in fact respond to the defendant's motion.[3] The Court has reviewed the plaintiff's file, and finds that in addition to sending letters to the Court (which do not satisfy pleading requirements), the plaintiff filed a number of exhibits on July 31, 1991 after the defendant filed his motion. While these exhibits are not a formal response to the defendant's motion, the Court has reconsidered its earlier determination. In light of the fact that the plaintiff is a *pro se* litigant, and in view of the strong policies favoring the resolution of disputes on their merits, the Court shall relax the pleading requirements and treat these exhibits as a response to the defendant's motion for the purposes of Local Rule 108(b). *Cf. Jackson v. Beech*, 636 F.2d 831 (D.C.Cir.1980). Therefore, the Court's Order of August 29, 1991, dismissing this action shall be vacated, and the Court shall proceed to consider the plaintiff's complaint on the merits.

*I. Background*

The plaintiff is incarcerated at the Maximum Security Facility, Lorton Correctional Complex ("Lorton") for a sentence imposed by the Superior Court of the District of Columbia in 1980. He was initially paroled, but his parole was revoked. Plaintiff was then incarcerated at the Occoquan facility. He was transferred to Lorton on October 15, 1990, for allegedly threatening an officer. Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983, alleging that he was being held in administrative segregation in

violation of due process, because there was no "adjustment board determination of guilt or criminal prosecution." Complaint at 5. The plaintiff also claims the parole board has not investigated his case, and that he has been denied "all rights and privileges." Complaint at 6.

The complaint is accompanied by voluminous attachments, but it is difficult to assess his specific grievances. The plaintiff's primary focus seems to be: 1) that he was denied due process at the Adjustment Board hearing of October 1, 1990, at which it was determined that he should be placed in administrative segregation, and denied due process at a hearing on October 12, 1990, at which it was determined that he should remain in administrative segregation and would be transferred to Lorton; and 2) he contests the conditions under which he is confined; and 3) he believes he is should be considered for parole eligibility. He seeks to be transferred back to Occoquan, to have his parole "investigated", and "all rights and privileges". Complaint at 5.

Regarding the decision to place the plaintiff in administrative segregation and transfer him to Lorton, the defendant asserts that on September 28, 1990, the plaintiff was charged with threatening conduct, lack of cooperation and disrespect against a prison officer. *See* Def.'s Motion to Dismiss, Ex. E. Before the hearing and pursuant to the Lorton Regulations Approval Act ("Act"), plaintiff was notified in writing of the charges and pending hearing on his housing status. *See* Def.'s Motion to Dismiss, Ex. D. At the hearing on October 1, 1990, the plaintiff admitted the allegations and the Board found him guilty, recommending that he be placed in administrative segregation for two weeks and that another hearing be conducted to determine

---

fendants. Since more than 120 days have elapsed since the complaint was filed, the plaintiff has not even claimed that service of process has been effected, and there is no evidence in the record of service of process, the Court shall dismiss the claims against these defendants pursuant to Fed.R.Civ.P. 4(j).

**2.** Because the defendant's Motion included documentary evidence, the Court will construe it as

a Motion for Summary Judgment brought under Fed.R.Civ.P. 56. *See* Fed.R.Civ.P. 12(b).

**3.** The plaintiff also claims that when first submitted to the clerk's office, his submissions were returned for "reasons not explained", and describes problems with the mail service where he is incarcerated. He also submitted several letters to the Court.

appropriate housing. Def.'s Motion to Dismiss, Ex. E. Amother hearing was held on October 12, 1990, to determine the plaintiff's housing. The plaintiff told the housing committee that if he was released into the general population at Occoquan, he would continue to be a problem, especially if he saw the officer he threatened before. Def.'s Motion to Dismiss, Ex. F. Therefore the housing committee recommended that he be retained in administrative segregation and be transferred to the maximum security facility (Lorton). The plaintiff was transferred to Lorton on October 15, 1990. Def.'s Motion to Dismiss, Ex. G.

With respect to the plaintiff's complaint regarding the denial of "all rights and privileges", the specific allegations in his complaint are that he is denied access to a law library, religious services, religious meals, outside recreation, and legal telephone calls.

## II. Analysis

### A. Due Process

Summary judgment is awarded when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). Where there is a properly supported motion for summary judgment, the adverse party may not rest upon the "mere allegations or denials" of its pleadings, but must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *see Lujan v. National Wildlife Federation*, — U.S. —, 110 S.Ct. 3177, 3188–89, 111 L.Ed.2d 695 (1990).

■ The Supreme Court has held that prison administrators should receive "wide-ranging deference" in developing and implementing practices to preserve internal order, discipline and security. *Hewitt v. Helms*, 459 U.S. 460, 472, 103 S.Ct. 864, 871, 74 L.Ed.2d 675 (1983), citing *Bell v. Wolfish*, 441 U.S. 520, 549, 99 S.Ct. 1861, 1879, 60 L.Ed.2d 447 (1979). Regarding the decision of a prison disciplinary board to place a prisoner in administrative segregation, due process requires only an "informal, non-adversary review of the information supporting [the] administrative confinement," including whatever statement the prisoner wants to submit, within a reasonable time after the administrative confinement. *Id.*

■ The Lorton Regulations Approval Act outlines the procedures used to conduct the hearings which lead to plaintiff's placement in administrative segregation and transfer to the maximum security facility. Notice and a prompt hearing, along with certain procedural protections, are required before a resident may be placed in administrative segregation involuntarily, in order to determine "whether a resident presents a clear and present danger to others or is in danger from a clear and present threat from others." Act § 202.4 (Def.'s Motion to Dismiss, Ex. H).

It appears that the regulations were complied with in the plaintiff's case. He received notice of the charges against him, and two prompt hearings. While the plaintiff claims that he was not found guilty of misconduct or any prison infraction, the record indicates that the adjustment board found him "[g]uilty as charged by his own admission" on October 1, 1990. Def.'s Motion to Dismiss, Ex. E. The plaintiff has not offered any evidence to rebut this information. The regulations meet the constitutional requirements set forth in *Hewitt, supra,* and were discussed with approval in *Crosby–Bey v. District of Columbia*, 786 F.2d 1182 (D.C.Cir.1986). Therefore the Court concludes that the decision to place the plaintiff in administrative segregation meets constitutional due process requirements, and the defendant is entitled to summary judgment on that issue.

■ The plaintiff also fails to state a claim regarding his transfer to the maximum security facility. The Supreme Court has held that a prisoner has "no justifiable expectation" of being incarcerated in any particular prison or any particular state. *Olim v. Wakinekona*, 461 U.S. 238, 245, 103 S.Ct. 1741, 1745, 75 L.Ed.2d 813 (1983). Therefore there is no due process owed the plaintiff regarding the transfer unless the state creates a protected liberty interest. *See Id.* at 249–50, 103 S.Ct. at 1747–48. A

state may create a protected liberty interest by placing substantive limitations on official discretion. These limitations must involve particularized standards or criteria to guide the state's decisionmakers. *Id.* at 249, 103 S.Ct. at 1747, citing *Connecticut Board of Pardons v. Dumschat*, 452 U.S. 458, 467, 101 S.Ct. 2460, 2465, 69 L.Ed.2d 158 (1981). The Act does not seem to place these substantive limitations on official discretion. An allowable ground for placing a prisoner in a maximum security cell is a finding that the inmate is a "clear and present threat to the safety of others" or that there is a clear and present threat to the inmate. Act § 201.9. The Housing Board made the finding that the defendant was a threat to himself and others. *See* Def.'s Motion to Dismiss, Ex. F, G. No particularized criteria are set forth to guide discretion in making this determination, so it appears that there is no substantive liberty interest created which would require a due process analysis. Therefore, there was no process due the defendant in the decision to transfer him.[4]

It is unclear whether the plaintiff is suing the defendant Ridley in his individual or official capacity or under a *respondeat superior* theory. *See* Complaint at 4–5; Plaintiff's Resp. to Barry and Ridley's Mot. to Dismiss or for Summary Judgment at 3. Under any of these theories, the defendant is entitled to summary judgment on the due process claims. If plaintiff's claim rests on *respondeat superior*, his claim must fail, because "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978).

If the plaintiff is suing the defendant in his official capacity, the suit is to be treated as a suit against the District of Columbia. *See Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). Under § 1983, local governments can be sued only where the entity is a "moving force" behind the violation. *Id.* That is, the municipality may be sued where the action alleged to be unconstitutional "implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690–91, 98 S.Ct. at 2035–36. The plaintiff does not seem to be attacking the regulations under which he was transferred and placed in administrative segregation, but rather seems to believe he never received the proper hearing. To the extent that the plaintiff *is* attacking the regulations, his claim fails because, as discussed above, the regulations satisfy constitutional requirements.

■ If the suit is against the defendant in his individual capacity, he has qualified immunity which shields him from this suit. As stated in *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982):

> government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Moreover, "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery". *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985). As previously discussed herein, plaintiff fails to state a claim of violation of clearly established law regarding either his transfer or the decision to place him in administrative segregation. In addition, the plaintiff has not alleged any personal involvement of the defendant Ridley in the challenged actions which would subject him to individual liability.

### B. Other Charges in the Complaint

The plaintiff also asserts that he has been denied "all rights and privileges". Specifically, he alleges that he is denied

---

4. Even assuming, *arguendo*, that due process protections are required, it appears that the plaintiff received due process of law through the hearing held by the housing board. *See* Def.'s Motion to Dismiss, Ex. F.

 

access to a law library, religious services, religious meals, outside recreation, and legal telephone calls.

The defendant argues that these claims lack the specificity required for the defendant to be able to respond. The Court recognizes that Fed.R.Civ.P. 8(a) requires that a complaint provide a "short and plain" statement showing that the pleader is entitled to relief, and that each averment must be "simple, concise, and direct." Fed. R.Civ.P. 8(e). The Court also agrees that, standing alone, the plaintiff's statement that he has been denied "all rights and privileges" does not provide the defendant with notice of the claim. *See Chodos v. F.B.I.*, 559 F.Supp. 69 (S.D.N.Y.1982), *aff'd* 697 F.2d 289 (2nd Cir.1982). Neither does the Court expect the defendant to respond to any claims that might be implied from the voluminous attachments that the plaintiff attached to his complaint. *See Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir.), *cert. denied* 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 555 (1985); *Prezzi v. Schelter*, 469 F.2d 691 (2nd Cir.1972), *cert. denied* 411 U.S. 935, 93 S.Ct. 1911, 36 L.Ed.2d 396 (1973); *Choate v. United States*, 413 F.Supp. 475 (N.D.Okl.1976).

However, the Court finds that the complaint is sufficiently specific to provide the defendant notice of his claim when he says that he is denied access to a law library, religious services, religious meals, outside recreation, and legal telephone calls. This would seem to be a challenge to those specific conditions and to the propriety of the plaintiff's continued confinement in administrative segregation. In addition, plaintiff's assertion that the "parole board has not investigated my case" appears to the Court to assert that the plaintiff believes he is due for a review of his parole eligibility status. The Court cannot at this juncture grant the defendant's motion for summary judgment with respect to these allegations, because the defendant has failed to respond to these issues on the merits. Accordingly, the Court shall require the defendant to show cause as to whether these claims should be dismissed.

*III. Conclusion*

For the reasons previously stated herein, the Court shall: 1) Vacate its order of August 29, 1991, dismissing this case pursuant to Local Rule 108(b); 2) Dismiss the complaint with respect to all of the named defendants except Walter Ridley for failure to effect service of process; 3) Grant defendant Walter Ridley's Motion for Summary Judgment with respect to the due process claims; and 4) Order the defendant to show cause whether the claims of unlawful denial of access to a law library, religious services, religious meals, outside recreation, and legal telephone calls should be dismissed, and whether his claim that he is entitled to consideration of his eligibility for parole should be dismissed.