SUMMARY ORDER

Plaintiff-appellant Bruce Baron (“Baron”) appeals from the dismissal of his first amended complaint (the “Complaint”) with prejudice and the denial of leave to file a second amended complaint (“SAC”). Baron sued under the Racketeer Influenced and Corrupt Organizations Act (“RICO”). The first version of Baron’s pleading alleged that defendants had engaged in a pattern of securities fraud; the second version—the Complaint dismissed below— substituted bankruptcy fraud. These frauds were allegedly committed in connection with the formation, funding and management of a business that manages medical practices specializing in cancer treatment, and the alleged objective of the fraud was to interfere with Baron’s relationship with a doctor associated with the business. We presume the parties’ familiarity with the facts and the issues on appeal.
On appeal, Baron seeks only leave to file a second amended complaint. We review a denial of a motion for leave to amend a complaint for abuse of discretion. Jones v. N.Y. State Div. of Military and Naval Affairs, 166 F.3d 45, 49 (2d Cir.1999). We see no abuse of discretion in the district court’s ruling, in light of Baron’s prior extensive, multiple pleadings that the district court accurately described as “virtually unintelligible” and “frivolous and harassing.” See July 17, 2006 Memorandum and Order. Final dismissal is appropriate where, as here, a complaint is “a labyrinthian prolixity of unrelated and vituperative charges that def[y] comprehension” and an amended complaint fails to cure these defects. Prezzi v. Schelter, 469 F.2d 691, 692 (2d Cir.1972) (per curiam); see Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (noting that a district court has “power to dismiss a prolix complaint without leave to amend in extraordinary circumstances, such as where leave to amend has previously been given and the successive pleadings remain prolix and unintelligible”).
To the extent Baron’s claims can be deciphered, leave to amend would be futile. See Ellis v. Chao, 336 F.3d 114, 127 (2d Cir.2003) (“[Ljeave to amend a complaint *401 need not be granted when amendment would be futile.”). Baron’s proposed amendment fails to: (1) plead “enough facts to state a claim to relief that is plausible on its face,” Bell Atlantic Corp. v. Twombly, — U.S. -, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007); (2) satisfy Fed.R.Civ.P. 9(b)’s requirement that fraud be pleaded with “particularity”; or (8) satisfy RICO’s pleading requirements with respect to standing, see Lerner v. Fleet Bank, N.A., 318 F.3d 113, 120 (2d Cir. 2003).
Finding no merit in Baron’s remaining arguments, we hereby AFFIRM the judgment of the district court. The mandate shall issue forthwith.