16-587-cv
Mendes Da Costa v. Marcucilli

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of January, two thousand seventeen.

**PRESENT:**
> **DENNIS JACOBS,**
> **ROBERT D. SACK,**
> **SUSAN L. CARNEY,**
> > *Circuit Judges.*

_____

**Jose Antonio Mendes Da Costa,**

>*Plaintiff-Appellant*,

> v.                                                              **16-587**

**Sergeant  Marcucilli, Mount Vernon Police Department, Officer Johnny Camacho, Mount Vernon Police Department, Detective Michael Martins, Eastchester Police Department, Officer Jesus Garcia, Mount Vernon Police Department, Private Investigator Michael V. Lentini, Mount Vernon Law Department, Pedro Coelho, Cecilia Rodrigues, Hina Sherwani, Mount Vernon Law Department, Fernando Marques, Moacir Castro,**

>*Defendants-Appellees*.

_____

**FOR PLAINTIFF -APPELLANT:**    Jose Antonio Mendes Da Costa, pro se, Mount Vernon, NY.

**FOR SERGEANT MARCUCILLI, JOHNNY CAMACHO, JESUS GARCIA, MICHAEL LENTINI AND HINA SHERWANI :**    Tichina La'Toya Johnson, Assistant Corporation Counsel, City of Mount Vernon, Mount Vernon, NY.

**FOR MICHAEL MARTINS:**    No appearance.

**FOR FERNANDO MARQUES, MOACIR, CASTRO, AND PEDRO COEHLO:**    Cliffith Bennette, Bedford Corners, NY.

**FOR CECILIA RODRIGUES:**    Cecilia Rodrigues, pro se, Mount Vernon, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Seibel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Jose Mendes Da Costa, pro se, sued for false arrest, malicious prosecution, and abuse of process under 42 U.S.C. § 1983. He appeals the sua sponte dismissal of his amended complaint for failure to follow Federal Rule of Civil Procedure 8. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo the sua sponte dismissal of a complaint. *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). Pro se submissions are reviewed with "special solicitude," and "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks, citation, and emphasis omitted).

Federal Rule of Civil Procedure 8 requires that a pleading "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Dismissal for failure to follow Rule 8 "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). A complaint that is overly detailed but comprehensible does not merit dismissal with prejudice. *Id.* at 43.

The amended complaint, nearly 50 pages long, with hundreds of pages of exhibits, is convoluted and repetitive. While it contains some factual allegations concerning Mendes Da Costa's various arrests, it is virtually impossible to link the various defendants to Mendes Da Costa's alleged injuries. Moreover, Mendes Da Costa discusses non-defendants and other events without explaining how they are involved with the alleged conspiracy. The district court properly dismissed the amended complaint as frivolous and running afoul of Rule 8. *See Salahuddin*, 861 F.2d at 42; *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (per curiam) (final dismissal appropriate for complaint that was a "labyrinthian prolixity").

We have considered all of Mendes Da Costa's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3