Timothy A. YOUNG, Plaintiff,

v.

Charles SCULLY, Superintendent of Greenhaven Correctional Facility, Lieutenant Edwards, Correctional Officer Plarnetta and Several Unidentified Correctional Officers and Officials, Defendants.

No. 80 Civ. 5735.

United States District Court, S. D. New York.

May 15, 1981.

Timothy A. Young, pro se.

Robert Abrams, Atty. Gen. of the State of N. Y., New York City, for defendants; Alan Adolf, Asst. Atty. Gen., New York City, of counsel.

## MEMORANDUM OPINION

EDWARD WEINFELD, District Judge.

Plaintiff is currently incarcerated in the Greenhaven State Correctional Facility at Stormville, New York. Defendants are the Superintendent of Greenhaven and other named and unnamed correctional officers and officials.

On February 5, 1981, this Court dismissed plaintiff's long, rambling complaint for being devoid of comprehensible allegations.[1] Plaintiff, who was proceeding pro se, was granted leave to amend the complaint within thirty days. Thereafter, plaintiff timely filed a document entitled "Notice of Motion in Summary for Production of Appeal." Despite the unusual title, the body of the document makes clear plaintiff's intention to submit this as his amended complaint. Since that time, plaintiff also submitted several other documents with various titles, all of which, as a matter of fairness, will be considered as supplements to the amended complaint.

Defendants now move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint amended for failure to state a claim upon which relief can be granted. Since plaintiff continues to proceed pro se, the Court must examine the pleadings under the liberal requirements

---

1. *Cf. United States General, Inc. v. City of Joliet,* 598 F.2d 1050, 1053 (7th Cir. 1979); *Prezzi v. Berzak,* 57 F.R.D. 149, 151 (S.D.N.Y. 1972).

applied to such plaintiffs,[2] and the amended complaint can be dismissed only if it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief.[3]

While the amended complaint is still not a hallmark of clarity, the Court is able to discern two potential claims. First, plaintiff attempts to raise a claim that defendants retaliated against him for exercising his First Amendment right to free speech. This claim is wholly conclusory, however, and thus must be dismissed.

Plaintiff's second claim is spelled out at greater length. He alleges that on July 28, 1980, while he was away from his cell, the cell was "burned out." Plaintiff alleges his belief that this fire was set by other prisoners because of his refusal that day to join a strike in which they were engaged. Plaintiff admits, however, that he was not present when the fire started and that he does not know who was responsible for it. He thus does not know even whether it was ignited intentionally or erupted by accident. No alternative source of knowledge is alleged.

Plaintiff initiated this suit when, after this incident, defendants required him to return to a cell in the same vicinity as the cell that had been "burned out." Plaintiff contends that this action by defendants has endangered his life because the same unknown prisoners who allegedly set fire to his cell the first time are in the same area and thus could set fire to his cell again. The allegation can be understood to assert claims under 42 U.S.C. § 1983 for cruel and unusual punishment in violation of the Eighth Amendment and for threatened denial of life without due process of law in violation of the Fourteenth Amendment.

In essence, plaintiff seeks injunctive relief removing him from the cellblock area in which he is now kept.

In determining whether an injunction should issue in light of a past wrong, the critical question for the Court is whether there is a "reasonable likelihood that the wrong will be repeated."[4] Under this standard, plaintiff's claims fail on several counts. First, there is no factual allegation that other prisoners set fire to plaintiff's cell. Since plaintiff effectively admits not knowing the cause of the fire, there is no factual basis for concluding that an original wrongful act occurred. Second, even assuming that plaintiff's cell was wrongfully ignited, there is no factual basis for assuming that such an incident might happen again. Indeed, that plaintiff has lived in the jail without incident for almost a year since the fire is evidence against inferring that future harmful acts might be directed toward him. Finally, even if a weak inference that such future acts might occur were warranted in normal circumstances, this inference would be insufficient to justify judicial intervention in the area of prisoner security where prison authorities traditionally are accorded great deference.[5] Certainly, defendants cannot be said to have violated plaintiff's constitutional rights by not heeding his factually unsupported fears.

Defendants' motion is thus granted and the amended complaint is dismissed.

So ordered.

---

**2.** *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Martin v. Merola*, 532 F.2d 191, 198 n.5 (2d Cir. 1976).

**3.** *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957); *Williams v. Vincent*, 508 F.2d 541, 543 (2d Cir. 1974).

**4.** *SEC v. Manor Nursing Centers, Inc.*, 458 F.2d 1082, 1100 (2d Cir. 1972); *see United States v. W. T. Grant Co.*, 345 U.S. 629, 633, 73 S.Ct.

894, 897, 97 L.Ed. 1303 (1953); *Federal Election Comm'n v. Weinsten*, 462 F.Supp. 243, 252 (S.D.N.Y.1978); *Commodity Futures Trading Comm'n v. British Amer. Commodity Options Corp.*, 422 F.Supp. 662, 667 (S.D.N.Y.1976).

**5.** *See Bell v. Wolfish*, 441 U.S. 520, 547, 99 S.Ct. 1861, 1878, 60 L.Ed.2d 447 (1979); *Todaro v. Ward*, 565 F.2d 48, 53–54 (2d Cir. 1977).