**Tonya R. POWELL, Plaintiff,**

v.

**MARINE MIDLAND BANK, Defendant.**

**No. 95–CV–63.**

United States District Court,
N.D. New York.

June 23, 1995.

Tonya R. Powell, Binghamton, NY, pro se.

Paul K. Holbrook, Marine Midland Bank, Buffalo, NY, for defendant.

**MEMORANDUM, DECISION & ORDER**

McAVOY, Chief Justice.

**I. BACKGROUND**

On January 17, 1995, plaintiff, Tonya R. Powell, filed this action against Marine Midland Bank. She then attempted to serve the defendant by mailing a summons and other documents to the law firm of Harter, Secrest & Emery in Rochester, New York. The law firm forwarded the material to Marine Midland in Buffalo, New York. On February 27, 1995, defendant filed a motion for dismissal citing a variety of grounds including failure to effect proper service of process pursuant to Fed.R.Civ.P. 12(b)(4) and (5).

On March 9, 1995, plaintiff again attempted to serve defendant by mailing a new summons, a U.S. Marshall's Service "Notice and Acknowledgement of Receipt of Summons and Complaint by Mail," and supporting documentation directly to Marine Midland. Marine Midland executed the Notice and Acknowledgement and returned it on March 23, 1995.

Now before the court is defendant's motion for dismissal pursuant to Fed.R.Civ.P. 8(a) and (e), and Fed.R.Civ.P. 12(b)(1), (2), (4), (5) and (6). Plaintiff opposes this motion.

## II. ANALYSIS

### A. Requirements of Rule 8(a) and 8(e)

Fed.R.Civ.P. 8(a) requires that a pleading setting forth a claim for relief contain a short and plain statement of the court's jurisdiction, a demand for relief, and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(e) requires that each claim in the pleading be "simple, concise, and direct" and also notes that "no technical forms of pleading or motions are required." Additionally, it must be recognized that Fed.R.Civ.P. 8(f) dictates that "all pleadings shall be so construed as to do substantial justice."

The purpose of Rule 8 was well summarized by the District Court for the District of Columbia when it stated that:

> [t]he purpose of the rule is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a *responsive answer*, prepare an adequate defense and determine whether the doctrine of res judicata is applicable. Beyond this, the rule serves to sharpen the issues to be litigated and to confine discovery and the presentation of evidence at trial within reasonable bounds.

*Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C.1977) (emphasis added). In a similar vein, the Southern District of New York has stated that:

> [t]he Federal Rules of Civil Procedure envision a system of *simplified pleadings* that give notice of the general claim asserted, allow for the preparation of a basic defense, *narrow the issues* to be litigated, and provide a means for quick disposition of sham claims. Federal pleadings are designed for integration into a system of pre-trial motions, discovery and conferences, which further sharpen the claims to be litigated and which expedite the process of adjudication.

*Prezzi v. Berzak*, 57 F.R.D. 149, 151 (S.D.N.Y.1972) (emphasis in original).

Nonetheless, Rule 8 still affords wide latitude to the plaintiff in framing her complaint, especially if the plaintiff is a pro se litigant. *Id.* at 150; *Brown*, 75 F.R.D. at 499. However, this does not mean that any complaint will be acceptable under Rule 8 simply by virtue of the fact that it is filed by a pro se plaintiff. In fact, courts in many cases have dismissed pro se complaints due to failure to comply with the requirements of Rule 8. *See, e.g., Lonesome v. Lebedeff*, 141 F.R.D. 397 (E.D.N.Y.1992); *Salahuddin v. Cuomo*, 861 F.2d 40 (2d Cir.1988); *Brown v. Califano, supra; Prezzi v. Berzak, supra.*

Plaintiff's complaint clearly violates the requirements of Rule 8. It contains no "short and plain statement of the claim showing that the pleader is entitled to relief." It gives the court no indication of the laws allegedly violated by the defendant or the source of the court's jurisdiction over the suit. It does not provide an adequate description of the particular acts by the defendant which led to this suit or an explanation of how such acts were illegal.

When a complaint does not comply with Rule 8, the court may strike any portion of the complaint that is redundant or immaterial. However, in some cases, such as this, where the complaint is so ambiguous and vague "that its true substance, if any, is well disguised," dismissal is proper. *Salahuddin,* 861 F.2d at·42. Normally, upon dismissal pursuant to Rule 8, the court grants leave to amend the complaint, *id.,* and so, the complaint is dismissed without prejudice and plaintiff is granted 45 days to file an amended complaint which complies with the requirements of the Federal Rules of Civil Procedure.

## B. Dismissal Pursuant to Rule 12(b)

The court's dismissal of the complaint pursuant to Rule 8 precludes the need to examine defendant's other grounds for dismissal. Nevertheless, the court notes that the defendant's motion to dismiss for failure to properly serve under Rule 12(b)(4) and 12(b)(5), and for lack of jurisdiction over the person under Rule 12(b)(2), would properly be denied. Defendant claims that service was improper because the papers served did not include a complaint and because plaintiff first served Harter, Secrest & Emery who is not representing the defendant in this action. While plaintiff's service on the law firm was improper, she did properly serve the defendant in her second service attempt on March 9, 1995 and defendant accepted this service by executing and returning the Notice and Acknowledgment. Moreover, although plaintiff's complaint has now been found defective under Fed.R.Civ.P. 8, plaintiff served the same complaint that she had filed with the court along with the summons on both service attempts. Thus, had it been necessary to consider them, defendant's motions pursuant to Rule 12(b)(2), (4) and (5) would have been denied.

## III. CONCLUSION

In conclusion, the court grants dismissal of plaintiff's complaint for failure to comply with the requirements of Fed.R.Civ.P. 8 and grants the plaintiff 45 days to file an amended complaint. In reaching this conclusion, the court finds it unnecessary to address defendants' motion for dismissal under Fed.R.Civ.P. 12(b)(1), 12(b)(2), 12(b)(4), 12(b)(5) and 12(b)(6), but informs the plaintiff that her amended complaint and service thereof must avoid the errors listed in Rule 12(b) and must comply with the Federal Rules of Civil Procedure in all other ways.

**IT IS SO ORDERED.**