Peter **GONZALES** and Francesca **Gonzales,** Plaintiffs,

v.

Brian J. **WING,** Acting Commissioner, New York State Department of Social Services, The Attorney General, John R. **Beaudoin,** Commissioner Rensselaer County Department of Social Services, Helen M. **Hayes,** Executive Director, St. Catherine's, Raymond **Schimmer,** Executive Director, Parsons Child and Family Center, Defendants.

No. 95–CV–1497.

United States District Court, N.D. New York.

June 21, 1996.

Peter Gonzales & Francesca Gonzales, Schoharie, New York, Plaintiffs, pro se.

Office of the Attorney General, State of New York, Department of law, Albany, New York (Ellen Lacey Messina, Asst. Atty. Gen., of counsel), for defendants Brian J. Wing & New York State Attorney General.

Rensselaer County Department of Social Services, Troy, New York (Alan Haig Sunukjian, of counsel), for defendant John Beaudoin.

McNamee, Lochner, Titus & Williams, Albany, New York (Scott A. Barbour, of counsel), for defendant Raymond Schimmer.

Tobin, Grifferty Law Firm, Albany, New York (Charles J. Tobin, III, of counsel), for defendant Helen M. Hayes.

## MEMORANDUM DECISION AND ORDER

McAVOY, Chief Judge.

Defendants Brian Wing, Acting Commissioner of the New York State Department of Social Services (NYSDSS), The Attorney General, John R. Beaudoin, Commissioner of Rensselear County Department of Social Services (RCDSS), and Raymond Schimmer, Executive Director of Parsons Child and Family Center, have all moved for dismissal of plaintiffs' Complaint in its entirety, or dismissal of various causes of action asserted in plaintiffs' Complaint.[1]

## I. BACKGROUND

On December 24, 1992, plaintiffs Peter and Francesca Gonzalez filed an action pursuant

---

1. Plaintiff has also moved to dismiss defendant Helen M. Hayes' Answer to their Complaint. In light of this Memorandum, Decision & Order, plaintiffs' Motion in this regard is moot.

to Article 78 of the New York State Civil Procedure Laws in New York State Supreme Court. All defendants in this federal action, i.e., Brian Wing, the Attorney General, John R. Beaudoin, Helen M. Hayes, and Raymond Schimmer, were likewise defendants in the New York State action. On August 13, 1993, New York State Supreme Court Justice Edward S. Conway filed an Order dismissing plaintiffs' action. On September 19, 1993, plaintiffs filed an appeal with the Third Department. On May 21, 1994 and then again on August 6, 1994, plaintiffs filed for extensions of time to perfect their appeal, both of which were granted. Plaintiffs then filed yet a third motion for extension to perfect. This Motion was denied by an Order filed January 25, 1995. Plaintiffs then apparently abandoned the state appeals process in favor of prosecuting what they perceive to be federal claims arising from the incidents underlying their state case.

On October 19, 1995, plaintiffs filed a Complaint against these defendants in the United States District Court for the Northern District of New York. Plaintiffs' two-hundred and eighty-seven page Complaint alleges numerous Constitutional violations and apparently (although at certain places in the Complaint this becomes ambiguous) seeks only monetary damages.

## II.  ANALYSIS

### A.  Plaintiffs' Complaint *Qua* Complaint

The Court first addresses those Motions attacking the *form* of plaintiffs' Complaint.[2]

Defendant Beaudoin[3] and Schimmer[4] move to dismiss on the grounds that the Complaint fails to comply with the pleading requirements set out in Fed.R.Civ.P. 8(a)(2) and 10(b). Alternatively, Beaudoin moves pursuant to Rule 12(e) for a more definite statement. Defendants Wing and the Attorney General move pursuant to Rule 12(e), alleging that the complaint is improperly drafted, and further move pursuant to Rule 12(f) to strike all redundant matter from the Complaint. In the alternative, they seek thirty days within which to answer the current Complaint. In the event that the Court dismisses plaintiffs' Complaint, all defendants seek forty-five days to answer or move against any amended Complaint plaintiff files.

■ It is immediately apparent that plaintiffs' two hundred and eighty-seven page Complaint violates each and every one of these rules of pleading. Far from being a "short and plain statement of the claim," Rule 8(a)(2), plaintiffs' Complaint is incredibly dense and verbose, containing so many factual averments of such specificity that it is impossible to discern which facts support, or are even relevant to, which claims. Indeed there are so many repetitious factual allegations it is impossible to keep track of which allegations are redundant and which represent new allegations. It is likewise impossible to assess such voluminous pleadings in terms of materiality. *See* Fed.R.Civ.P. 12(f) ("the court may order stricken from any pleading any redundant [or] immaterial mat-

2.  As indicated *infra*, several defendants have also raised substantive opposition to plaintiffs' claims. With the exception of Beaudoin's claim to Eleventh Amendment immunity, however, the condition of plaintiffs' current Complaint precludes consideration of these substantive motions.

3.  Defendant Beaudoin also moves to dismiss the complaint pursuant to Rules 12(b)(1), (2) and (6), arguing that the court lacks subject matter jurisdiction since RCDSS is an "arm of the state" and, thus entitled to Eleventh Amendment Immunity, and is not a "person" as defined by 42 U.S.C.A.1983; because claims against defendant Beaudoin in his individual capacity fail to state a cause of action since the remedy sought lies only against him in his official capacity; because the Complaint impermissibly seeks to have this court

review an Order of the New York State Supreme Court; because plaintiffs' claims have been determined adversely to him in state court and are barred by the doctrines of issue and claim preclusion; and finally, because the statute of limitations bars the action.

4.  Defendant Schimmer also moves to dismiss pursuant to Rules 12(b)(1) and (6), because claims III and V fail to allege state action required by § 1983; because the Complaint alleges insufficient facts to meet the requirements of a claim under 42 USC § 1983; because the doctrine of collateral estoppel prevents the issues raised in the Complaint from being relitigated; and finally, because with regard to claim VII, the court lacks subject matter jurisdiction as there is no diversity and no federal question.

ter"). Beyond the voluminous factual specifics therein, plaintiffs' Complaint is larded with legal argument, citation to case-law and legislative history, as well as a line by exegesis of the state court orders plaintiff claims were improperly issued against them. The Court has no doubt that this represents an attempt by plaintiffs to recycle the material they compiled to support their abandoned appeal.

Likewise, plaintiffs have made no attempt to number their numberless paragraph, *See* Fed.R.Civ.P. 10(b) ("all averments ... shall be made in numbered paragraphs"), or to reference their paragraphs by number so as to avoid repetition and redundancy, choosing instead to repeat their allegations *ad nauseam*. Nor, apparently, have plaintiffs' either limited their paragraphs to a single set of circumstances, or separated their claims according to separate transactions or occurrences. *Id.* ("[paragraphs] shall be limited as far as practicable to a statement of a single set of circumstances [and] ... each claim founded on a separate transaction or occurrence ... shall be stated in a separate count").

Plaintiffs' Complaint must be dismissed: it presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims. Mindful of plaintiffs' *pro se* status, the Court hereby grants them forty-five days within which to re-plead. Plaintiffs are hereby directed NOT to amend their earlier Complaint, however, but to draft a new Complaint which carefully complies with Fed. R.Civ.P. 8(a), 10(b) and 12. Notwithstanding their *pro se* status, any further such voluminous filings can only be viewed as intended to vex and harass and will result in dismissal with prejudice. As such, and in light of the apparently non-complex legal nature of plaintiffs' claims, plaintiffs' second Complaint, if any, shall not exceed twenty-five pages.

## B. Eleventh Amendment Immunity:

Because of the inadequacy of plaintiffs' Complaint, the Court could not address defendants' substantive motions filed in opposition, with the exception of defendant Beaudoin's claim to Eleventh Amendment immunity. Since such immunity turns less on plaintiffs' allegations than it does on defendant's status, the Court has considered Beaudoin's arguments.

The Eleventh Amendment provides sovereign immunity to unconsenting states sued in federal court. *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). Sovereign immunity is also granted to State officers who are sued in their official capacity since a suit brought against "a state official in his official capacity is not a suit against the official but rather a suit against the official's office." *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989). Furthermore, under the "arm of state doctrine" some government entities are considered immune from suit. While the Supreme Court has held that counties are not automatically entitled to Eleventh Amendment immunity, *see Edelman v. Jordan,* 415 U.S. 651, 667 n. 12, 94 S.Ct. 1347, 1358 n. 12, 39 L.Ed.2d 662 (1974); *Mt. Healthy City School Board of Educ. v. Doyle,* 429 U.S. 274, 280, 97 S.Ct. 568, 572–73, 50 L.Ed.2d 471 (1977), the Second Circuit has held that, under certain circumstances, county branches of the New York State Department of Social Services may be immune from suit.

Such determinations are made case-by-case, however, and turn on the status of the particular agency and the nature of the agency functions at issue. In *Holley v. Lavine,* 605 F.2d 638 (2d Cir.1979), *cert denied,* 446 U.S. 913, 100 S.Ct. 1843, 64 L.Ed.2d 266 (1980), county-branch NYDSS defendants somewhat similarly situated to RCDSS were denied Eleventh Amendment immunity. In *Marbley v. Bane,* however, the Second Circuit held that another county branch of NYDSS was an "arm of the state" and, thus, entitled to 11th Amendment immunity. *Marbley v. Bane,* 57 F.3d 224 (2d Cir.1995). In distinguishing *Marbley* from *Holley,* the Court stated:

> [In *Holley,* w]e afforded great "significance [to the fact that] the entity upon whom rests the primary obligation to make payments to the AFDC recipient ... appears to be the County." *Holley,* 605 F.2d

at 644 ... In *Holley,* the county defendants bore the "ultimate responsibility for the public assistance payments," and were therefore not protected by the Eleventh Amendment. Under HEAP, however, the county commissioners do not bear the primary obligation to make the payments ... the only responsibility in this case is to process paper work and parcel out funds from the state treasury.

*Marbley,* at 233.

Thus, in determining whether a county is entitled to immunity from suit, the Second Circuit has focused on issues such as who bears the "ultimate responsibility" for the allegedly violated duties at issue, and considered the source of funding for the agency duties in question. Defendant Beaudoin's affidavits and memoranda provide an insufficient factual or legal basis for the Court to apply the *Marbley–Holley* analysis and so his Motion to Dismiss as against him based on Eleventh Amendment immunity is DENIED. As discussed *infra,* however, assuming plaintiff files a second Complaint. Beaudoin is herein expressly granted leave to renew his Motion.

## III. CONCLUSION

Plaintiffs' Complaint is DISMISSED, without prejudice. Plaintiffs are hereby granted forty-five days within which to file a second Complaint, said Complaint not to exceed twenty-five pages;

If plaintiff continues against any defendant herein, those defendant/s are hereby expressly granted leave to reassert their Motions, on the bases already asserted and on any new bases suggested by plaintiffs' second Complaint. As requested, defendants are hereby granted forty-five days from the filing of any second Complaint within which to respond either by Answer or Pre–Answer Motion.

**IT IS SO ORDERED.**