**Joshua NAGEL and Sara Nagel, Plaintiffs,**

v.

**POCONO MEDICAL CENTER; Monroe Emergency Physicians, P.C.; Dr. Daniel Duprey; and Dr. H.P. Saras, Defendants.**

**No. 4:CV–96–1392.**

United States District Court,
M.D. Pennsylvania.

Aug. 9, 1996.

Harry I. Katz, Zave M. Unger, Colin E. Kaufman, Fresh Meadows, NY, for plaintiffs.

Michael P. Perry, O'Malley & Harris, P.C., Scranton, PA, for defendants.

## ORDER

McCLURE, District Judge.

**BACKGROUND:**

On July 25, 1996, plaintiffs Joshua Nagel and Sara Nagel initiated this action with the filing of a complaint alleging negligence in the diagnosis and treatment of an eye injury sustained by Joshua Nagel. Jurisdiction is based on diversity of citizenship.

Before the court is the complaint for initial review.

**DISCUSSION:**

■ The Federal Rules of Civil Procedure provide in part:

> A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief, ...

Fed.R.Civ.P. 8(a)(2). The purpose of pleading under the Federal Rules is to give the adverse party or parties fair notice of the claim. *Simmons v. Abruzzo,* 49 F.3d 83, 86 (2d Cir.1995). Fair notice allows the other side "to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." *Id.* (quoting *Moore's Federal Practice* ¶ 8.13, at 8–58 (2d ed. 1994); further citation omitted).

■ A district court has the authority to strike a pleading which does not comply with the notice pleading requirements of Rule 8(a), although the exercise of this power should be reserved for cases in which the pleading is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* (quoting *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988)).

■ The instant complaint clearly is violative of both the letter and spirit of Rule 8(a). In order to state a fairly straightforward medical malpractice claim, plaintiffs have, with extraordinary redundancy, utilized 184

paragraphs and nearly 26 (unnumbered) pages to set forth their claim. The number of pages would have been even greater if plaintiffs had complied with the Local Rules of this court regarding size of type. *See* Local Rule for the Middle District of Pennsylvania 5.1(c) (lettering to be no smaller than typewriting pica); The Random House Dictionary of the English Language 1463 (2d ed. 1987) (typewriting pica is ten characters per inch).

The substantive provisions of the complaint consist of series after series of paragraphs setting forth nearly the same language as preceding paragraphs, changing only minor facts, often only single words. A prime example is the following:

58. Defendant told plaintiff on July 31, 1994, that there was no doctor available at that time to see him.

59. Defendant told plaintiff on July 31, 1994, at about 2:00 a.m. that there was no doctor available at that time to see him.

60. Defendant told plaintiff on July 31, 1994, that he would have to wait to see a doctor.

61. Defendant told plaintiff on July 31, 1994, at about 2:00 a.m. that he would have to wait to see a doctor.

62. Plaintiff presented a history of being struck in the right eye.

63. Plaintiff presented with a complaint of pain in the right eye.

64. Plaintiff presented with a complaint of severe pain in the right eye.

Complaint at 8–9 ¶¶ 58–64.

The factual allegations follow several pages of allegations that defendants Pocono Medical Center and Monroe Emergency Physicians, P.C., are each any one of the numerous types of business entities possible under Pennsylvania law (of course, it seems rather evident that an entity designated "P.C." would be a professional corporation), as well as foreign business entities.

The manner in which the complaint is drafted also affords plaintiffs a means of conducting early discovery by forcing defendants to provide a large amount of information in the pleading process. This is not the purpose of pleading, and discovery is conducted as provided under the Federal Rules.

For these reasons, the complaint will be stricken in its entirety, and plaintiffs will be directed to file an amended complaint.

■ We also note for plaintiffs' benefit that the language "Upon information and belief," repeated throughout the complaint, is superfluous, since Fed.R.Civ.P. 11 sets forth the permissible basis for pleading under the Federal Rules as relates to the "knowledge, information, and belief" on the part of the pleader.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Plaintiffs' complaint (record document no. 1) is stricken in its entirety as contravening Fed.R.Civ.P. 8(a) and as subverting the rules of discovery.

2. Plaintiffs are directed to file, within twenty (20) days of the date of this order, an amended complaint which complies with Rule 8(a) the Local Rules of this court and this order.