Paul J. Lupia, Legal Aid Society of Mid–New York, Inc., Utica, NY, for defendant.

John Flores, Utica, NY, pro se.

### John FLORES, Plaintiff,

v.

GRAPHTEX, A Division of Human Technologies Corp.; John Thorp, Supervisor, Human Technologies Corp. and Graphtex; Dave Lavala, Head of Human Technologies Corp. and Graphtex; Candido Garcia, Self Screening Printer at Human Technologies Corp.—Graphtex; Anthony Cutarri, Supervisor at Human Technologies Corp.—Graphtex; Tony Putachi; and John Turd, Defendants.

No. 5:96–CV–0820(HGM)(DNH).

United States District Court,
N.D. New York.

Sept. 29, 1999.

### ORDER

MUNSON, District Judge.

By Order of the undersigned filed March 31, 1999 (the "March Order"), this matter was reopened and plaintiff John Flores ("plaintiff" or "Flores") was granted permission to withdraw his original complaint without prejudice. See docket no. 13.[1] Plaintiff was also directed to file a suitable complaint in this Title VII action within sixty days of the date thereof. The March Order also denied plaintiff's request for appointment of counsel because it appeared from the record that Flores was represented by the Legal Aid Society of Mid–New York, Inc. Id.[2]

Presumably in response to the March Order, Flores filed four Title VII complaints relating to his employment at Graphtex,[3] each of which names an officer or employee of Graphtex as the sole defendant therein. See docket no. 15.[4] Flores appears to have

---

1. This employment discrimination action had been dismissed due to plaintiff's apparent failure to comply with the Court's Order that he file an amended complaint which complied with the pleading requirements of the Federal Rules of Civil Procedure. See docket nos. 7 and 8.

2. Counsel filed a notice of appearance on October 15, 1996 (see docket no. 10) and has not sought leave of Court to withdraw. See Local

Rule 83.2(b) of the Local Rules of Practice of the Northern District of New York.

3. Graphtex is identified as a division of Human Technologies Corporation, the employer named in the Right to Sue Letter issued to plaintiff by the Equal Employment Opportunity Commission.

4. Flores's original complaint named six defendants, including Graphtex, which is not among

prepared and filed these complaints without the advice or guidance of his attorney.

The pleading requirements of the Federal Rules of Civil Procedure mandate that a plaintiff set forth all of his claims in a *single* pleading which contains, *inter alia,* "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R.Civ.P. 8(a)(2). The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Hudson v. Artuz,* 1998 WL 832708, *1 (S.D.N.Y. Nov. 30, 1998) *(quoting Powell v. Marine Midland Bank,* 162 F.R.D. 15, 16 (N.D.N.Y.1995) (McAvoy, C.J.) (other citations omitted)).

Moreover, Rule 10 of the Federal Rules of Civil Procedure provides, in part:

> **(b) Paragraphs; Separate Statements.** All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

The purpose of Rule 10 is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading...." *Sandler v. Capanna,* No. 92–4838, 1992 WL 392597, *3 (E.D.Pa. Dec. 17, 1992) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure,* § 1323 at 735 (1990)).

A complaint that fails to comply with these Rules "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of" a plaintiff's claims, and may properly be

the four defendants named in plaintiff's recent filings.

**5.** Plaintiff's original *in forma pauperis* application (docket no. 2) was held in abeyance pending the filing of an amended complaint herein. *See*

dismissed by the Court. *Gonzales v. Wing,* 167 F.R.D. 352, 355 (N.D.N.Y.1996) (McAvoy, C.J.).

Since Flores's multiple complaints plainly do not comply with the requirements of the above-mentioned rules and the Court's prior Orders herein, they are hereby stricken from the docket in this action.

Plaintiff's *counsel* is advised that unless he files an amended complaint on behalf of Flores which complies with the pleading requirements of the Federal Rules of Civil Procedure *within thirty (30) days* from the filing date of this Order, this action will be dismissed.

The amended complaint to be filed herein shall assert claims against each and every defendant named in such complaint, and shall be filed with the Court *within thirty (30) days* from the date of the filing of this Order. *Any defendants not named in such pleading shall not be defendants in the instant action.* Plaintiff is further cautioned that no portion of any prior complaint shall be incorporated into the amended complaint by reference.

Only *one* amended complaint shall be submitted in accordance with the terms of this Order. Therefore, *plaintiff's counsel shall state in the single amended complaint filed in accordance with the terms of this Order all claims that he wishes this Court to consider as a basis for awarding plaintiff relief herein. Failure to timely file such a pleading will result in dismissal of this action without further Order of the Court.*

Lastly, in order for this matter to proceed further, plaintiff must either pay the $150.00 statutory filing fee for this action or submit a duly competed and executed *in forma pauperis* application for this Court's consideration.[5] Accordingly, within thirty days of the filing date of this Order, Flores shall either

docket no. 7. The information contained in that application is now three years old and cannot properly be relied upon by the Court in determining plaintiff's present financial condition.

pay the filing fee in full or submit the attached in *forma pauperis* application.

WHEREFORE, it is hereby

ORDERED, that the amended complaints filed by plaintiff (docket no. 15) are stricken from the docket in this action due to their failure to comply with the pleading requirements of the Federal Rules and the Court's prior orders, and it is further

ORDERED, that plaintiff's counsel file with the Court *within thirty (30) days* from the date of the filing of this Order, an amended complaint which complies fully with Rules 8 and 10 of the Federal Rules of Civil Procedure and the terms of this Order as detailed above, and it is further

ORDERED, that if an amended complaint is not filed *within thirty (30) days* from the date of the filing of this Order, the instant action be dismissed without further order of this Court due to plaintiff's failure to comply with the requirements of the above-mentioned Federal Rules, and it is further

ORDERED, that if specific acts of misconduct are not alleged as to any of the individuals named in any amended complaint filed herein, the instant action be dismissed with respect to the individuals against whom there are no allegations of misconduct, and it is further

ORDERED, that plaintiff either prepay the $150.00 filing fee in full, or submit the duly completed and executed *in forma pauperis* application attached hereto *within thirty (30) days* from the filing date of this Order, and it is further

ORDERED, that if plaintiff fails to either prepay the $150.00 filing fee in full, or submit a completed *in forma pauperis* application within the time period specified above, this action be dismissed without further Order of this Court, and it is further

ORDERED, that upon full compliance with this Order as directed above, the file in this matter be returned to the undersigned for further review, and it is further

ORDERED, that the Clerk serve a copy of this Order on plaintiff and his counsel by regular mail.

IT IS SO ORDERED.