Steven H. UNTRACHT, M.D., Ph.D, F.A.C.S., Plaintiff,

v.

Erden FIKRI, M.D., Dinesh Mathur, M.D., Vincent Fiorica, M.D., Terry Wahl, M.D., David R. Davis, Sanders Ergas, M.D., P. James Ridella, M.D., Bhaskaran Murali, M.D., Will H. Farthing, M.D., Brian Gunnlaugson, M.D., Richard Cartwright, M.D., Denise Weisbrodt, R.N., Richard Saluzzo, M.D., Jacob Kolff, M.D., Bruce Duke, M.D., Narendra Pai, M.D., William Fritz, M.D., Paul Weygandt, M.D., Nicholas Jacobs, James Church, M.D., Robert D. Fry, M.D., Larry Kaiser, M.D., William M. Carney, M.D., Harvey Slater, M.D., George H. Benz, Jr., M.D., the University of Pennsylvania, the Cleveland Clinic Foundation, Stewart M. Flam, R. Joseph Federow-

icz, Dickey McCamey & Chilcote (A Professional Corporation), Associated Anesthesiologists of Johnstown, UPMC Health System, Inc., UPMC Lee Regional Hospital, Conemaugh Health System, Memorial Medical Center, Windber Medical Center, John Does 1–20, Defendants.

No. CIV.A. 3: 3–199J.

United States District Court, W.D. Pennsylvania.

April 6, 2005.

James R. DiFrancesco, Esq., Johnstown, PA, C. William Hinnant, Jr., Esq., M.D., Anderson, SC, for Plaintiff.

Rick Bode, Esq., Alyson J. Kirleis, Esq., Dickie, McCamey & Chilcote, Pittsburgh, PA, David R. Johnson, Esq., Thomson, Rhodes & Cowie, Pittsburgh, PA, David J. Porter, Esq., Buchanan Ingersoll, Pittsburgh, PA, for Defendants.

## MEMORANDUM OPINION AND ORDER

GIBSON, District Judge.

This case comes before the Court on Erden Fikri, M.D., Dinesh Mathur, M.D., Vincent Fiorica, M.D., Terry Wahl, M.D., David R. Davis, Sanders Ergas, M.D., P. James Ridella, M.D., Bhaskaran Murali, M.D., Will H. Farthing, M.D., Brian Gunnlaugson, M.D., Richard Cartwright, M.D., Denise Weisbrodt, R.N., William M. Carney, M.D., Harvey Slater, M.D., George H. Benz, Jr., M.D., Stewart M. Flam, R. Joseph Federowicz, Dickey, McCamey & Chilcote (a Professional Corporation), UPMC Health System, Inc., and UPMC Lee Regional Hospital's (hereinafter "Lee Defendants") Motion to Dismiss and/or Strike and/or Transfer at Document No. 23,[1] Document No. 61,[2] and Document No. 95. In consideration of the Defendants' Motion to Dismiss and/or Strike, Steven Untracht's (hereinafter "Plaintiff") Brief in Opposition to Defendants' Motion to Dismiss and/or Strike at Document Nos. 49 and 50, and the complaints filed by Plaintiff, the Court grants the Lee Defendants' Motion to Dismiss and/or Strike for the following reasons.

## JURISDICTION

Jurisdiction in the United States District Court for the Western District of Pennsylvania is based upon 28 U.S.C. § 1331, which provides that the "district court shall have original jurisdiction in all civil

---

1. The Defendants originally filed the Motion to Dismiss and/or Strike with the Eastern District Court of Pennsylvania. (Document No. 23). Subsequent to the filing, the Eastern District of Pennsylvania granted the Defendants' Motion to Transfer without prejudice. The remaining Motions were left undecided by the Eastern District of Pennsylvania. Thereafter, the Defendants re-filed a substantially similar Motion to Dismiss and/or Strike at Document No. 95 with the Western District Court of Pennsylvania.

2. Without Leave of Court, Steven H. Untract, M.D. (hereinafter "Plaintiff") filed an Amended Complaint (Document No. 52). Nevertheless, the Defendants responded to the Plaintiff's Amended Complaint with Defendants' Motion to Dismiss and/or Strike at Document No. 61. The Defendants have incorporated Document Nos. 23 & 61 by reference in Document No. 95. Accordingly, the Court considers each of these motions in its deliberations.

actions arising under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331. Specifically, the Plaintiff asserts violations of federal antitrust laws under the Sherman Act, 15 U.S.C. §§ 1–2, and a civil rights violation pursuant to 42 U.S.C. § 1983.[3]

## FACTUAL AND PROCEDURAL BACKGROUND

On May 14, 2003, the Plaintiff filed a pro se complaint in the United States District Court of Eastern Pennsylvania against thirty-six defendants, including individual physicians and health care professionals, a university, a law firm, an anesthesiology group, two health systems and four medical facilities. (Document No. 1). The Plaintiff also named John Does one through twenty in his complaint. *Id.*

The Plaintiff's original complaint contained 522 paragraphs and fifteen counts alleging Sherman Act violations, tortious interference with prospective economic advantage, § 1983 civil rights violations, negligence, perjury and defamation. (Document No. 1).

Thereafter, on June 9, 2003, the Lee Defendants filed a Motion to Dismiss, Strike and/or Transfer the case from the Eastern District of Pennsylvania to the Western District of Pennsylvania pursuant to Federal Rules of Civil Procedure 8(e), 12(f), and 12(b)(6). (Document No. 23). However, before the Court was able to address the various motions filed by Lee Defendants, the Plaintiff, without leave of Court, filed an amended complaint on June 26, 2003. (Document No. 52).

The amended complaint contained a new cause of action against all Lee Defendants entitled "intentional infliction of emotional distress". (Document Nos. 52 & 61). Additionally, the amended complaint seemed to have changed the characterization of the original "perjury" claims to "fraud and/or civil right[s] violation". *Id.* Consequently, the amended complaint contained approximately 655 paragraphs in 112 pages. (Document No. 52).

On July 10, 2003, the Lee Defendants filed another Motion to Dismiss and/or Strike and/or Transfer Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 8(e), 12(f) and 12(b)(6)[4]. (Document No. 61).

On July 25, 2003, the Eastern District Court of Pennsylvania determined that venue was proper in the Western District and transferred the above-captioned case to this Court. (Document No. 80). However, the pending motions to dismiss and/or strike were not resolved by the Eastern District Court and determinations of these motions were left to the discretion of the Western District Court. (Document No. 80).

On February 2, 2004, Lee Defendants filed a third Motion to Dismiss and/or to Strike Plaintiff's Amended Complaint.[5] (Document No. 95). As in the prior two motions, Lee Defendants seek dismissal of the Plaintiff's original complaint and amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Document Nos. 23, 61, 95. In the alternative,

---

**3.** The Plaintiff conceded in his Response Brief at Document No. 50 that federal jurisdiction did not exist based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332; however, the Plaintiff continues to assert that jurisdiction is proper in the United States District Court for the Western District of Pennsylvania based upon "three other independent grounds: state action, civil rights violation (under color of law wholly apart from state action) and antitrust violation." (Document No. 50).

**4.** Lee Defendants incorporated by reference their prior motion to dismiss as Document No. 23. (Document No. 61).

**5.** Lee Defendants incorporated by reference their prior motions to dismiss at Document Nos. 23 and 61. (Document No. 95).

they request that the complaint should be stricken pursuant to Federal Rule of Civil Procedure 8(e) and 12(f) "because it contains redundant, immaterial, impertinent and scandalous material and is not simple, concise and direct." (Document Nos. 23, 61 & 95).

The Plaintiff filed his first Answer to [Lee] Defendants' Motion to Dismiss and/or Strike and/or Transfer on June 26, 2003. (Document No. 49). Thereafter, the Plaintiff filed his second Answer to [Lee] Defendants' Motion to Dismiss and/or Strike and/or Transfer Plaintiff's Amended Complaint on July 16, 2003. (Document No. 67).

### STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide, in pertinent part that "[a] pleading which sets forth a claim for relief ... shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2); *see In re Catanella, E.F. Hutton & Co., Inc. Securities Litigation,* 583 F.Supp. 1388, 1401 (D.C.Pa.1984). Rule 8(e) also provides in relevant part, that "[e]ach averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required." Fed.R.Civ.P. 8(e). This simplified "notice pleading" "is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues." *Brejcak v. County of Bucks,*

2004 WL 377675, *2 (E.D.Pa.2004); *Conley v. Gibson,* 355 U.S. 41, 47–48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). However, Rule 8(a)(2) "must be applied with some logic and common sense. The length of a pleading will depend upon a number of factors, not the least of which is the complexity of the case." *In re Catanella, E.F. Hutton & Co., Inc.,* 583 F.Supp. at 1401.

Rule 12(f) provides that when a plaintiff has set forth "any redundant, immaterial, impertinent, or scandalous matter", a court may order that those pleadings be stricken from the record. Fed.R.Civ.P. 12(f). Although Rule 12 is not to be construed to repeal the liberal pleading standard set forth in Rule 8(a)(2), Rule 12 authorizes a party to move for the following:

(e) **Motion for More Definite Statement.** If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.[6]

(f) **Motion to Strike.** Upon motion made by a party before responding to a pleading or, if no responsive pleading is

---

**6.** Although Lee Defendants did not specifically cite Rule 12(e) in their aforementioned motions, the Court observes that throughout Lee Defendants' motions, they have articulated an inability to frame an appropriate response to Plaintiff's complaint due to the dense, verbose, and ambiguous claims raised by the Plaintiff in his 522 paragraph original complaint. (Document No. 23). Additionally, the Court notes that during a status confer-

ence held on May 25, 2004, Lee Defendants raised the argument that they were unable to respond to the voluminous and vague averments set forth by the Plaintiff in his initial complaint and in his amended complaint at Document No. 52. Accordingly, the Court considers Lee Defendants' various motions to include an additional request to direct the Plaintiff to frame more definite averments in his complaint.

permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed.R.Civ.P. 12(e), (f).

■ The Court also observes that pro se complaints are held to less stringent standards than those filed by counsel. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). However, basic pleading requirements under the Federal Rules of Civil Procedure apply to self-represented and counseled plaintiffs alike. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir.2004); *Holsey v. Collins*, 90 F.R.D. 122 (D.C.Md.1981).

Based upon the above standards set forth in the Federal Rules of Civil Procedure and relevant case law, the Court reviews Lee Defendants' motions and Plaintiff's responses thereto.

## DISCUSSION

The Plaintiff filed an original complaint that details approximately fifteen counts [7] against a combination of defendants, including approximately ten individual defendants who were at all relevant times physicians with staff privileges at UMPC

Lee.[8] Also, as stated above, the Plaintiff's original complaint includes approximately 522 paragraphs in 96 pages. (Document No. 1). The Court further observes that the Plaintiff's amended complaint includes approximately 655 paragraphs in 112 pages. (Document No. 52).

In response to the Plaintiff's complaints, the Lee Defendants have argued that Plaintiff's complaints are prejudicial in that the Lee Defendants are "compelled to weed through the verbiage and respond to the material therein or risk having the material deemed admitted." (Document Nos. 23, 61, & 95) (*quoting Barrett v. City of Allentown*, 152 F.R.D. 50, 53 (E.D.Pa. 1993)). The Lee Defendants also assert that the complaints are in violation of Rule 12(f) and Rule 8 in that each complaint "is dense, verbose, and 'contains so many factual averments of such specificity that it is impossible to discern which facts support, or are even relevant to, which claims.'" *Id.* (*quoting Gonzales v. Wing*, 167 F.R.D. 352, 354 (N.D.N.Y.1996)).

Lee Defendants have also alleged that the Plaintiff's complaints are "vexatious in nature". (Document No. 95). For example, Lee Defendants assert that the Plaintiff's complaints contain "extraneous self-serving averments" and "various defamatory remarks" regarding defendant physi-

---

**7.** The Court observes that after the Plaintiff filed his complaint and amended complaint, this Court granted Plaintiff's Motion for Consent Order (Document No. 110) which dismissed Plaintiff's wrongful death claim at Count XV with prejudice. (*See* Order, dated December 22, 2004).

**8.** The Court observes the following individual defendants and their relationship with the Plaintiff: Dr. Ridella and Dr. Carney were members of the credentialing committee at UPMC Lee who participated in the internal hearings and proceedings pertaining to the Plaintiff's credentialing at UPMC Lee (Document No. 95-1); Dr. Wahl was the Medical Director of UPMC Lee, and Dr. Cartwright is

the current Medical Director at UPMC Lee, *Id;* Mr. Davis, also a Defendant in the case *sub judice,* is the President and CEO of UPMC Lee, and Ms. Weisbrodt, another Defendant in this case, is the Risk Manager at UPMC Lee, *Id.;* Dr. Slater and Dr. Benz are physicians who were retained as expert witnesses by UPMC Lee, and they presented testimony during various internal hearings and proceedings pertaining to the Plaintiff's credentialing at UPMC Lee, *Id.;* and Attorney Federowicz, Attorney Flam, and Dickie, McCamey and Chilcote, P.C., are Defendants who were retained by UPMC Lee to represent UPMC Lee in the internal hearings and proceedings pertaining to the Plaintiff's credentialing at UPMC Lee. *Id.*

cians' abilities as physicians. *Id.* Additionally, Lee Defendants direct the Court's attention to the first and last names of patients, as well as the medical care provided to those patients, which are included in the Plaintiff's complaints. *Id.* According to Lee Defendants, publishing the names of Lee Defendants' prior patients, as well as the care that they received, is "scandalous and violate[s] confidentiality laws pertaining to a patient's privacy." *Id.* (citing to 42 Pa.C.S. § 5929).

Initially, the Court observes that the pro se Plaintiff in the case *sub judice* should be granted certain liberties in order to present a "short and plain statement" of his multiple claims against the multiple defendants named in this civil action. However, the Court also observes that the Plaintiff's original complaint, as well as his amended complaint, run afoul of the letter and spirit of the Federal Rules of Civil Procedure.. *See Brejcak*, 2004 WL 377675 at *7.

The Court notes that the substance of the Plaintiff's original complaint and amended complaint set forth allegations in meticulous, but unnecessary detail, such that it is nearly impossible to extract those averments which pertain to Plaintiff's stated claims. Specifically, the Plaintiff's complaints state with excessive detail the factual background that underpins his claims. Indeed, in the Plaintiff's amended complaint, paragraphs one through sixty-three recount in repetitive and impertinent language the events leading up to July of 1999.

In July of 1999, the UPMC Lee Medical Staff Credentials Committee (hereinafter "Credentials Committee") informed the Plaintiff that during his 1997–1998 appointment period with the hospital, there were approximately six cases with quality concerns. (Document No. 1). As a result, the Credentials Committee arranged for an independent review of the Plaintiff's cases

in question. *Id.* Apparently, the Plaintiff takes issue with the independent review process.

The Court observes that in the Plaintiff's original and amended complaints, before the Plaintiff even addresses his claims regarding the independent review process, the Plaintiff's averments stray far from addressing any legal claims. Rather, in paragraphs one through sixty-three, the Plaintiff recounts self-serving accolades regarding the Plaintiff's participation in charitable organizations. (Document No. 52). The Plaintiff's complaints also include letters and quotes from his peers as evidence of the Plaintiff's "superior" performance as a physician. *Id.*

The Plaintiff also engages in personal attacks against defendant-physicians by recounting through self-made graphs and personally-generated statistical data the "inadequate" care provided by those defendants. *Id.* at ¶ 34. For example, one graph represents the number of procedures performed by the Plaintiff against the percentage rate of complications allegedly experienced by his patients. *Id.* at p. 7. Conversely, another graph developed by the Plaintiff represents the number of procedures performed by Defendant Dr. Benz against the percentage rate of complications allegedly experienced by Dr. Benz' patients. *Id.* at p. 54.

The Court determines that the needless factual detail and the verbose nature of the Plaintiff's complaints are unfairly burdensome to Lee Defendants. *See Brejcak*, 2004 WL 377675 at *7 (*quoting Drysdale v. Woerth*, 1998 WL 966020, *2 (E.D.Pa.1998))(dismissing a prolix complaint that "describe[d] in unnecessary and burdensome detail every instance of Defendants' alleged misconduct");*see also Burks v. City of Philadelphia*, 904 F.Supp. 421, 424 (E.D.Pa.1995) ("dismissing a fact-laden complaint that 'describe[d] in unnec-

essary, burdensome, and often improper argumentative detail, every instance of alleged racial discrimination perpetrated by Defendants over the period of 1993 and 1994'") (quoted in *Brejcak*, 2004 WL 377675 at *7).

Although the Plaintiff's answers to Lee Defendants' motions clearly deny the legal arguments presented by Lee Defendants (Document Nos. 49 & 67), the Plaintiff argues that he should be entitled to "amend his Complaint as many times as is necessary to correct any of Defendants' objections." (Document No. 67, ¶ 11). The Court, however, disagrees with Plaintiff's position.

■ The Court is aware that the exercise of Rule 12(f) authority "should be reserved for a pleading which is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Martin v. Warrington*, 2002 WL 341000, *3, (E.D.Pa.2002)(*quoting Simmons v. Abruzzo*, 49 F.3d 83, 89 (2d Cir.1995); *see also Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988)); *Nagel v. Pocono Medical Center*, 168 F.R.D. 22 (M.D.Pa.1996). Also, "[w]here pleadings are laden with unnecessary factual narrative, courts have stricken them." *Martin*, 2002 WL 341000 at *3; *Johns–Manville Sales Corp. v. Chicago Title & Trust Co.*, 261 F.Supp. 905, 908 (N.D.Ill.1966), (the district court dismissed the complaint which devoted thirty-nine pages to a single count and included twenty-four exhibits); *but see Burks v. City of Philadelphia*, 904 F.Supp. 421, 424 (E.D.Pa.1995) (district court determined that the complaint was "a fact-laden, 36–page, 128–paragraph narrative that describes in unnecessary, burdensome, and often improper argumentative detail, every instance of alleged racial discrimination" but declined to dismiss complaint); *Lundy v. Dermik Laboratories, Inc.*, 1995 WL 622893 (E.D.Pa. Oct. 17, 1995)(the district court noted that

plaintiff's fifty-nine paragraph complaint failed to comply with Rule 8 but declined to dismiss it); *Associated Orchestra Leaders of Greater Philadelphia v. Philadelphia Musical Soc. Local 77, of Am. Federation of Musicians*, 203 F.Supp. 755, 756 (E.D.Pa.1962)(the district court stated that the thirty-six page complaint as a "veritable compendium of prolixity," but declined to grant the motion to dismiss.)

■ Although there is no precise calculation determining at what length a complaint becomes objectionable, the Court determines that, under the circumstances present in this case, it is reasonable to conclude that 522 to 655 separate paragraphs are excessive under the notice pleading standard set forth in the Federal Rules of Civil Procedure. To require Lee Defendants to respond to each and every averment contained within 522 or 655 paragraphs is unfairly burdensome, especially when the Court notes that some paragraphs contained within the original and amended complaint are redundant and impertinent. Clearly, Plaintiff's complaints present a direct contradiction to the spirit of Rule 8 which requires a "short and plain statement" under notice pleading standards.

Furthermore, the Court observes that many of the Plaintiff's averments set forth in the original and amended complaints constitute "scandalous, impertinent and unnecessary material, some of which is irrelevant and some of which at best might constitute evidence." *Drysdale v. Woerth*, 1998 WL 966020, *2 (E.D.Pa.1998). Additionally, the Court notes that the Federal Rules of Civil Procedure discourage the pleading of evidence. *Id.; Brejcak*, 2004 WL 377675 at *8. Again, the Court determines that the Plaintiff's complaints constitute a dramatic departure from the spirit of the Federal Rules of Civil Procedure, and that Lee Defendants cannot reason-

ably be required to frame a responsive answer for either of the complaints. Accordingly, the Lee Defendants' motion to dismiss the Plaintiff's entire original complaint and amended complaint for the failure to comply with Rule 8(a)(2) will be granted and Plaintiff will be permitted to file a second amended complaint. An appropriate order follows.

### ORDER

**AND NOW,** this 6th day of April, 2005, in accordance with this Court's Memorandum Opinion, and based upon the Plaintiff's failure to comply with Federal Rule of Civil Procedure 8(a)(2), **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss and/or Strike the Plaintiff's Original and Amended Complaint in their entirety is **GRANTED.** (Document Nos. 23, 61, and 95–1, 95–2).

**IT IS FURTHER ORDERED** that the Plaintiff may file a second amended complaint consistent with this Court's Memorandum Opinion within twenty (20) days of the date of this Order, and upon failure to so plead, the matter will be marked closed.

**IT IS FURTHER ORDERED** that based upon this Court's Memorandum Opinion and Order, the following motions are rendered moot: Document Nos. 25, 26, 27, 30, 35, 56, 57, 58, 65 and 86–1.